## PETTINGILL *v.* BUTTERFIELD.

At common law the husband did not hold the choses in action belonging to the wife before marriage unless he and his wife recover them during her life.

It is not enough that the husband commence a suit in the life-time of his wife upon such claim, but, in order to reduce the chose in action to his possession, he must recover judgment in her life-time.

Therefore, if pending an action by husband and wife for such chose in action, the wife die, the suit abates; but if they obtain judgment, he may, notwithstanding her subsequent death, issue execution or maintain an action of debt on such judgment.

Whether the statute of 1860, chap. 2342, sec. 1, which provides "that every married woman shall hold to her own use, free from the interference or control of her husband, all property inherited by, bequeathed, given, or conveyed to her, provided such conveyance, gift, or bequest, is not occasioned by payment or pledge of the property of the husband," applies to property owned by such woman before her marriage, *quære.*

Technically speaking, an action abates upon the death of a sole plaintiff; but, whenever the cause of action survives, the administrator of plaintiff may come in and revive the suit and prosecute the same.

ASSUMPSIT on the promissory note of the defendant, dated May 9, 1859, for $224.00, payable to Hepsabah Temple, or order, who afterwards married the plaintiff, and has died since the commencement of this suit, which was brought October 23d, 1861, and was in the name of the plaintiff and wife.

It appeared that an ante-nuptial contract was entered into between the

plaintiff and the said Hepsabah, September 5, 1860, by which it was agreed that she should after the marriage continue to hold to her sole and separate use, and free from his control and interference, a promissory note of the plaintiff, of September 4, 1860, for $500.00, and payable to her, or her order, at the time of his death, together with a mortgage made by him to secure the same; and to hold said note and mortgage in the same manner as if she had continued sole; with the right to dispose thereof by will or otherwise; and if she die intestate then to descend to her legal heirs, as if she were sole; with a provision *that if* she survive him she should have the use of all his property during her life and widowhood. Soon after this the parties were married, and since this suit she died, leaving a will dated September 23d, 1861, which was duly approved by the court of probate, Dec. 10th, 1862, by which she bequeathed to her husband the use of all her estate during his life, with a direction that said mortgage debt should not during his life be enforced, and giving to her relatives sundry legacies to be paid after his death; and giving her clothing to her sisters, to be delivered to them immediately after her decease.

No mention, however, is made, in the will, of the note in suit.

It appeared that administration on the estate of said Hepsabah, with the will annexed, was granted to David C. Butterfield, who has accepted the trust, and claims the note in question.

Under these circumstances, the defendant contends that the suit cannot be prosecuted by this plaintiff, and, upon trial by the court upon the general issue, this question is reserved for consideration, with the provision, that, if it be determined that the suit cannot be maintained, the same shall abate, if otherwise held, then this case shall be discharged for further proceedings.

The plaintiff, after the trial commenced, claimed the right to reduce the note to possession, and exercised it so far as he might then do so.

The questions of law arising in this case were reserved.

*G. Y. Sawyer*, for defendant.

I. The plaintiff, John Pettengill, has no title or right to the note in suit. The act of July 4, 1860, Pamphlet Laws of 1860, P. 2248, passed after the date of the note, and taking effect prior to the marriage, gave to the wife, to her separate use, the note, and the debt secured by it. This was *property given* to her within the letter, clearly within the spirit, of the act. By virtue of the act the husband was barred of all right to reduce the note to possession.

II. The will of the wife gives to the plaintiff only the income or interest of the note during life. This he can receive only through the hands of her executor, as trustee of the fund. The principal of the note, at the death of the plaintiff, may be required to pay the legacies. If recovered by the plaintiff in this suit, what security have the legatees, or, if the principal is not needed for the payment of the legacies, have the heirs at law of the wife, who will then be entitled to it, that it will ever come to their hands? If it goes into the hands of the administrator with the will

annexed, the plaintiff, and the legatees, or heirs at law, have the security of his administration bond; the former for the payment to him of the interest during his life, the latter for the payment of the principal to them at his decease.

III. If it is necessary to preserve the attachment lien in this suit, the court have the power to allow the administrator of the wife now to come in and prosecute the suit. If not, the suit should not be allowed to proceed to judgment in favor of a party who has no right to recover, merely for the purpose of preserving the attachment, which he had no right to make.

*A. W. Sawyer,* for plaintiff.

I. Under the common law, the husband is entitled for his own benefit to all his wife's chattels real, things in action, trusts, and every species of personal property, whether actually vested in her and reduced to possession, or contingent, or recoverable only by action; and if he survives her, and dies, the property goes to his heirs. *Judge Probate* v. *Chamberlain.* 3 N. H. 129; *Wells* v. *Tyler,* 25 N. H. 342.

The husband had done all he could to reduce the note in question to possession, he had brought his action upon it, insists on prosecuting it, declares on trial, that he has reduced it to possession; this is a sufficient reduction of the possession as for the purposes of this suit. The reduction into possession by a husband, of a wife's chose in action, is *prima facie* evidence of a conversion to his use. Hand's Estate, 5 Wheat, 138.

A husband who survives his wife is entitled to all her choses in action, whether reduced to possession in his life-time or not. *Whitaker* v. *Whitaker,* 6 John. 112.

II. The note in question was not embraced, nor intended to be embraced, in the marriage agreement. The marriage agreement embraced nothing of her property, save the note of $500, secured by mortgage. No statute of this State has changed the common law as to a promissory note given while single, and of which the wife was possessed at the time of her marriage, there being no marriage agreement embracing such note. The statute of 1860, chap. 2342, does not embrace property which she had acquired in any other way than by being inherited, bequeathed, given, or conveyed to her. This was a note given by defendant for money which she earned while single.

III. The money for which this note was given having been acquired by her, *dum sola,* not being embraced in any marriage contract or statute, the husband surviving the wife, it goes to him and his representatives; if the court hold otherwise, and say that the law of 1860 embraces this note, then the plaintiff relies upon the will, which is as follows:—
" First, I give and bequeath and devise unto my husband, John Pettengill, the use, income, interest and profits of *all my estate,* for and during his natural life," &c.

IV. To prevent circuity of action, the court will permit the action to be prosecuted to judgment in the name of this plaintiff, inasmuch as in

any event, the proceeds go to this plaintiff, otherwise the lien created by the attachment may be lost—as a matter of fact, there are no debts—besides, her estate under the marriage contract, the note and mortgage of $500, while the legacies are only $260, and none payable until after the husband has used the estate during his life. The plaintiff will file such a bond as the court may direct, with ample sureties to pay all debts and the expense of administration.

V. The plaintiff will move, if necessary that justice may be done, that the case be so far amended as to show that the note in question was for money loaned, which the wife had personally earned *dum sola*, and that she died leaving no debts, the husband having paid the funeral expenses; that the excess of her estate under the marriage contract above the legacies, is $240.

VI. The plaintiff has such an interest in the note it being either his at common law, and no statute changing it, or the use, income, or interest of the note being the plaintiff's under the will, he may legally and equitably prosecute the suit to final judgment. The court below can protect the interest of the administrator if he have any in the note.

SARGENT, J. The note in suit was given to the wife before her marriage. After marriage a suit was brought upon it by the husband and wife, and pending this suit the wife died, and the husband now claims to prosecute the suit on the ground that he has reduced this chose in action to his possession, or that he may now by some act so reduce it to his possession.

In Coke Litt. 351, b., it is laid down that "the marriage is an absolute gift of all chattels personal of the wife in possession in her own right, whether the husband survive the wife or not, but if they be in action, as debts by obligation, contract, or otherwise, the husband shall not have them, unless he and his wife recover them." It is not enough that he commences a suit in his wife's life-time, but, in order to reduce the chose in action to his possession, he must recover judgment in his wife's life-time. *Beamond* v. *Long*, Cro. Car. 227; 1 Ch. Pl. (9 Am. Ed.) 31 and 32, where it is said that choses in action or contracts made with the wife before coverture do not survive to the husband, and that he must, in order to recover the same, sue as administrator of his wife, and that, if, pending an action by husband and wife for such chose in action, the wife die, the suit abates, but if they obtain judgment, he may, notwithstanding her subsequent death, issue execution or support an action of debt on such judgment.

So in *Checchi* v. *Powell*, 6. B. & C. 253, which was a case like the present. Abbott, C. J., says: "The doctrine laid down in Coke Lit. 351, b., has always been received as law in Westminster Hall. Here, then, the debt was never vested in the husband, there being no recovery in the wife's life-time. He may have another claim as her personal representative, but this action is at an end."

At common law this suit cannot be maintained. Does our statute of 1860, chap. 2342, apply to this case? Sec. 1 provides "that every married woman shall hold to her own use, free from the interference or

control of her husband, all property inherited by, bequeathed, given, or conveyed to, her, provided such conveyance, gift, or bequest, is not occasioned by payment or pledge of the property of the husband." The note in question, or the money for which it was given, does not appear to have been obtained by the wife in either of the ways specified in this provision.

But there is another reason why this statute may not apply to this case. The statute relates to, and is made for, the benefit of married women, and since they have the right to take care of their own property, in whatever way acquired before marriage, by an ante-nuptial contract, by the law of 1846, it would not seem necessary to make further provisions in regard to the property thus held by the woman before marriage.

It may be doubtful whether the statute of 1860 does not mean simply this, that, when any property shall be inherited by, bequeathed, given, or conveyed to, any married woman, she shall hold the same to her own use, &c., that is, that it relates to property only which shall thus come to the wife after marriage. The wife in the case before us made an ante-nuptial contract in relation to a part of her property, and might as well in relation to the whole of it, if she had seen fit, but as she did not it may be doubtful whether so much as is not thus provided for does not remain subject to the provisions of the common law. But it is not necessary to decide this point, because if the law of 1860 should be held to apply to the property in question, it does not help the plaintiff in this suit. The wife having died before judgment, the husband's attempt to reduce this chose in action to his possession has failed, and anything he can now do towards reducing it to his possession so as to recover upon it himself is unavailing.

No amendment can be made allowing the administrator to appear with the present plaintiff, because they could not properly be joined, nor can the writ be amended by striking out the name of the present plaintiff, as we have no statute or rule authorizing such amendments. This action must abate. But, as the cause of action survives in this case, the administrator of the wife as her legal representative, may, on motion, have leave to appear and revive the action, and prosecute the suit, the same as in other cases where the cause of action survives.

Blackstone, in speaking of causes of abatement, mentions, among others, the death of the plaintiff, and says : " For the death of either party is at once an abatement of the suit, and in actions merely personal arising *ex delicto*, for wrongs actually done or committed by the defendant, as trespass, battery, and slander, the rule is that *actio personalis moritur cum persona*, and it never shall be revived either by or against the executors, or other representatives,   *   *   *   But in actions arising *ex contractu*, by breach of promise, and the like, where the right descends to the representatives of the plaintiff, and those of the defendant have assets to answer the demand, though the suits shall abate by the death of the parties, yet, they may be revived against or by the executors, being, indeed, rather actions against the property than the per-

son ; in which the executors have now the same interests that their testators had before."

By the 8 & 9, W. 3, ch. 11, sec. 7, it was provided, that, in case of several plaintiffs or defendants, the death of one shall not abate the suit, if the cause of action survive to or against the survivors. And it is said 1 Ch. Pl. 448, that, where a sole plaintiff dies, pending the suit, such death may he pleaded in abatement, and alludes to the provisions of the act 8 and 9, W. as above. Bac. Ab. Abatement, F ; 1 Saund. Pl. & Ev. 2.

In this case, then, the suit abates, because, though brought in the name of two plaintiffs, yet when the wife died, no right survived to the husband to prosecute the suit, but the right survives only to the wife's administrator, who has the same right now to recover the note in suit as the husband and wife together had in the life-time of the wife.

Rev. Stats. ch. 186, sec. 14 ; (Comp. S. 481,) provides that actions of trespass *quare clausum*, trover, actions against sheriffs, real actions, actions of ejectment and of trespass *de bonis*, shall not abate by the death of either party, but may be prosecuted, &c., in the same manner as other actions, the cause of which by law survives. And every administrator may prosecute or defend any action pending in any court against the deceased, in case the cause of action does by law survive. Rev. Stats. ch. 161, sec. 16.

All our statute means, when it says that actions of trespass, &c., shall not abate, is, as Blackstone expresses it, that the executor or administrator shall have leave to come in and revive the action and prosecute it, in such case, the same as in cases where the cause survives the death of the party. Technically speaking, the suit or action abates in all cases with the death of the plaintiff, where there is but one, and in all other cases unless the cause survives to one or more of the surviving plaintiffs. But where the suit or action has thus abated, it may be revived by the coming in of the administrator to prosecute. So, in bills in equity, by analogy, upon the death of the plaintiff, the administrator brings his bill of revivor, to revive the action, which amounts to the same as appearing to prosecute in an action at law.

As the case stands, the action will abate and the present plaintiff will thus go out of court ; but, should the wife's administrator move to that effect, he will be allowed to come in and revive and prosecute the suit. That this suit cannot be maintained in the name of the present plaintiff, even to avoid circuity of action, is well settled. *Jenkins* v. *Freyer*, 4 Paige, 47 ; *Woodin* v. *Bagley*, 13 Wend. 453 ; *Beecher* v. *Crouse*, 19 Wend. 306.

*Action abates.*