HARRINGTON *v.* WADSWORTH.

In an action against a sheriff for neglecting to arrest upon execution a surrendering debtor, evidence of the latter's intention to take the poor debtor's oath may properly be excluded.

A judgment is evidence against third persons of the fact of its rendition, but not of the facts which were in issue between the parties to it.

CASE, against the defendant, a deputy sheriff, for neglecting to arrest on an execution in favor of the plaintiff one T. upon his surrender at the jail.

The plaintiff recovered judgment against T. in an action of trover. The judgment record admitted in evidence showed that the property converted by T. consisted to a considerable extent of promissory notes. The defendant claimed that the plaintiff suffered

no damage by the failure to arrest T., and introduced evidence tending to show that T. had no property, and that the converted notes were of no value.   The court permitted the plaintiff's counsel to comment in his argument to the jury upon the judgment as tending to prove property in the hands of T. at the date of the conversion, and as fixing the value of the notes at that time; and the defendant excepted.

As bearing upon the question of damages, the defendant offered to show that T. proposed, in case he was arrested, to apply to take the poor debtor's oath, and that his counsel prepared an application for that purpose.   The evidence was excluded, and the defendant excepted.

*C. H. Burns* and *Briggs & Huse*, for the plaintiff.

*Copeland & Jones* and *Burnham & Brown*, for the defendant.

CARPENTER, J.   If T. was possessed of no attachable property, and had been guilty of no fraud, he was entitled to take the poor debtor's oath (G. L., *c.* 241, *ss.* 3, 6, 7), and the damages caused to the plaintiff by the defendant's neglect of duty were merely nominal.   It is difficult to see what bearing T.'s intention to apply, or even his actual application, to take the oath could have upon the question whether he was entitled to take it; but if the evidence might properly have been received, it was so remote that no exception lies to its exclusion.   *State* v. *Railroad*, 58 N. H. 410.

The plaintiff's loss by reason of the defendant's failure to perform his duty could not exceed the amount of her judgment against T., of which the record is the only competent evidence.   The defendant being neither a party nor privy to the judgment, it is evidence against him of the fact of its rendition and of the amount for which it was rendered (1 Gr. Ev., *s.* 527), but not of the facts which were in issue between the parties to it.   Between these parties it is no more evidence of the conversion or possession of property by T., or of the value of any property by him converted, than would be a like judgment against him to which both the plaintiff and the defendant were strangers.   Permitting the plaintiff's counsel to comment to the jury upon the judgment as tending to show property in the hands of T., and as fixing the value of the notes, was equivalent to a ruling that the judgment was competent evidence of those facts, and was erroneous.

*Exceptions sustained.*

ALLEN, J., did not sit: the others concurred.