Coös,
Dec. 1, 1914.

JOSEPH GUAY *v.* LILLIAN B. EASTMAN & *a., Ex'rs.*

As to strangers to the cause, a judgment is evidence of its rendition and its amount, but not of the facts which were in issue between the parties thereto.

A judgment recovered by a bank against the surety upon a promissory note cannot be pleaded in bar of a subsequent action brought by the former defendant against a director of the institution, who without authority from his associates fraudulently induced the surety to forbear suit against the maker of the instrument.

CASE. The declaration contained the following allegations: March 13, 1908, Albert H. Eastman, of whose estate the defendants are executors, was president of and director in the Berlin National Bank. On that date the plaintiff was liable to the bank on a promissory note for $2,000, as surety for E. E. Decker, who was the owner of a large amount of property open to attachment. The plaintiff went to the bank for the purpose of paying the note which Decker had neglected to pay, intending to secure himself by suit against Decker and attachment of his property, and disclosed his intention to Eastman, who knew that the plaintiff's liability on the

note was that of a surety. Eastman represented to the plaintiff that Decker, with the aid of the bank, was about to sell the property the plaintiff intended to attach, and that the proceeds of the sale would be paid into the bank in the shape of notes signed by responsible parties, which notes the bank would discount; and in behalf of the bank he agreed with and promised the plaintiff that the bank would use the avails of the notes in paying Decker's indebtedness to the bank, including the note upon which the plaintiff was liable, that the sum to be realized from the sale would be sufficient to discharge that note, and that he was authorized by the directors of the bank to so agree with the plaintiff, all of which representations were falsely and fraudulently made for the purpose of deceiving the plaintiff, who, relying upon the promises and agreements, did not attach Decker's property or take up the note. The property was sold by Decker, and the bank received the proceeds in notes amounting to $10,000; but the directors, acting by the counsel and advice of Eastman, did not apply the avails thereof upon the note on which the plaintiff was liable, but loaned Decker $5,000, taking the notes as collateral for such loan. In truth and fact, Eastman was not authorized to make the agreement in behalf of the bank, and the bank refused to recognize the same and brought suit against the plaintiff upon the note for $2,000, thereby compelling the plaintiff to pay the same with interest and costs, amounting in all to $2,140.24.

The defendants filed a plea setting up as a bar to the plaintiff's suit the judgment recovered by the bank against the plaintiff and alleging that in that suit it was adjudicated that no agreement as to the payment of the $2,000 note from the proceeds of the sale of Decker's property was ever made, as alleged in the declaration. At the December term, 1913, of the superior court, the plaintiff's demurrer to the plea was sustained by *Sawyer*, J., subject to exception.

*Sullivan & Daley*, for the plaintiff.

*Goss & James (Mr. Goss* orally), for the defendants.

PARSONS, C. J. The judgment which the defendants set up in bar of the plaintiff's action was rendered in a suit brought by the Berlin National Bank against the plaintiff in this action. As the defendants are neither parties nor privy to the judgment, it is evi-

dence of the fact of its rendition and of the amount for which it was rendered, but not of the facts which were in issue between the parties to it.    *Harrington* v. *Wadsworth*, 63 N. H. 400; 1 Gr. Ev., *s.* 527. Guay cannot use it as an adjudication of facts involved therein binding upon Eastman, and neither can Eastman or his executors employ it as an adjudication of particular facts against Guay.    Both must be concluded, or neither is.    1 Gr. Ev., *s.* 524.

If the agreement now alleged was set up in the bank's suit by Guay, and other facts appeared making its existence an answer to the suit, the judgment for the bank necessarily includes an adjudication that no such agreement was ever made by the bank.    So the plaintiff now alleges the fact to be, with the further allegation that he lost, not because Eastman did not make the agreement, but because Eastman had no legal power to so agree in behalf of the bank.    Whether the bank defended against the agreement upon the ground of Eastman's lack of power to make it, or, conceding or not contesting the question of power, stood upon the claim that Eastman never made the agreement, are questions which will render competent evidence as to the proceedings in the course of the bank's suit.

Judgment in the suit may have been based upon the conclusion that there was no foundation for the plaintiff's claim of an agreement or promise by Eastman.    While this finding would not be binding as an adjudication of the fact, or even evidence of the fact, against Guay, and it would be open to him in this suit to show what the fact was, if the judgment was not based upon Eastman's lack of power to bind the bank,—or, in other words, if it appeared that the bank did not deny Eastman's authority to make such an agreement,—the plaintiff's allegation that his loss was due to Eastman's false representation of power to act for the bank would not be sustained.

*Exception overruled.*

All concurred.