Rockingham, }
March 5, 1918. }

### HARLAN A. COCHRAN, *Adm'r*, *v.* GEORGE P. LATON.

Case against a physician for negligently abandoning and thereby causing the
death of the plaintiff's intestate is an action of tort for physical injuries within
the meaning of P. S., c. 191, ss. 8–13, and survives as therein prescribed.

Whether one offered as an expert witness is so qualified and whether expert testi-
mony will aid the jury are questions of fact.

On cross-examination, the question:—"Is this story that you have told the jury
the same story that you and X made up?"— is an insinuation that the witness is
testifying falsely, and is admissible if there is evidence tending to prove that
his testimony was wilfully false.

CASE, against a physician for causing the death of the plaintiff's
intestate. Trial by jury and verdict for the plaintiff. Transferred
by *Sawyer*, J., from the May term, 1917, of the superior court on
the defendant's exceptions, to the court's charge, to its refusal to
charge and to its rulings as to evidence. The exceptions suffi-
ciently appear from the opinion.

*Bartlett & Grinnell (Mr. Bartlett* orally), for the plaintiff.

*Marvin, Batchelder & Peyser* and *Charles J. Hamblett,* for the
defendant.

YOUNG, J. The only question of law raised by the defendant's
exceptions to the court's charge, its refusal to charge and to the
admission of evidence as to the deceased's expectation of life is
whether an action to recover for a death caused by a physician's
abandoning his patient is an action of tort for physical injuries to
the person within the meaning of P. S., c. 191, ss. 8–13. Section
8 provides in substance that such an action shall survive in the way
and to the extent set forth in the five following sections: s. 9 pro-
vides for the case where suit is and s. 10 where suit is not begun in
the lifetime of the deceased; s. 11 limits the damages that may be
recovered; s. 12 the elements that may be considered in the assess-
ment of damages and s. 13 the persons for whose benefit the action
survives. The defendant contends that the only actions which
survive by virtue of these sections are actions for injuries caused by
a wrongful act. In other words, he contends that the only actions
which survive by virtue of ss. 8–13 are those in which trespass

would have been the proper remedy at common law. The words the legislature used, however, are that actions of tort—not actions of trespass—for physical injuries and the causes of such actions shall survive. It is probable, therefore, that the causes of action the legislature had in mind when it enacted these sections were all causes of action for physical injuries to the person regardless of whether case or trespass would have been the proper remedy at common law; for if the term, "actions of tort," is given its ordinary meaning, it includes both forms of action. In other words, by a tort, as that term is ordinarily used, is intended the loss or damage a person sustains by reason of the failure of others to perform a duty the law imposed on them for his benefit regardless of whether the loss is the mediate or the immediate result of their misconduct; that is, while the fact of whether the loss is the mediate or immediate result of their misconduct is relevant to the issue of his remedy, at common law, it is absolutely irrelevant to the issue of the character of his loss. In either case it is a tort, or a wrong apart from contract and an action to recover his loss is an action of tort as well when the form of action is case as when it is trespass.

Although it is true that the letter "m" in the margin of the commissioners' report, against s. 8, indicates a material change in the law it does not indicate what that change was. That is, it does not indicate whether it was the omission of the provisions in respect to notice to the defendant contained in s. 1, c. 71, Laws 1887, or, as the defendant contends, the limiting of the actions which survived under the provisions of ss. 8–13 to actions for injuries caused by the defendant's wrongful acts; but the words the legislature used make it clear that the change the legislature had in mind was not the one for which the defendant contends; for, as we have seen, the term "actions of tort for physical injuries" includes both actions of case and actions of trespass. If, therefore, the legislature had intended to exclude actions of case (actions to recover for injuries caused by neglect) from the operation of ss. 8–13, it is hardly probable that it would have described the actions which survive under the provisions of these sections as actions of tort. In other words, if that had been the intention of the legislature, it is probable that it would have described the actions which survive as actions of trespass for physical injuries, etc., or used other apt words to evidence its intention.

The question,—"Doctor, assuming your story to be true, what do you say as to the reasonableness of your conduct?"—called for the

witness' opinion. The limits within which expert testimony should be confined rest in the discretion of the presiding justice, consequently the questions of law raised by the defendant's exception are whether there is any evidence tending to prove that (1) he was not an expert, or (2) that his testimony would be of little or no help to the jury in its search for the truth; and that there was such evidence is clear.

The only other exception considered is that to the question—"Is this story that you have told the jury here the same story that you and your wife made up that Saturday afternoon that Mrs. Bragdon died?" The test to determine the validity of this exception is the one that is applied to determine the legitimacy of argument; for the plaintiff's purpose in asking this question was to insinuate that the witness was not telling the truth. The question raised by this exception, therefore, is whether there is any evidence tending to prove that the defendant's testimony was wilfully false. It is not disputed that there was such evidence. In fact, the defendant's counsel said to the jury, if you believe the plaintiff's evidence, "Dr. Laton is entitled to no further consideration at your hands."

*Exceptions overruled.*

All concurred.