Coös,
Dec. 7, 1920.

### JOHN H. HINMAN, *Adm'r, v.* THE DIRECTOR GENERAL OF RAILROADS.

If counsel is permitted to reiterate statements subject to exception, such permission is equivalent to a ruling that they are permissible.

In an action of tort for physical injuries to the person which survives under P. S., c. 191, ss. 8–13, it is not necessary for the administrator to allege and prove to the jury that the intestate left heirs surviving him; but the plaintiff will not be permitted to go to trial unless he satisfies the court that the intestate left beneficiaries of the class named in s. 13.

CASE, for negligently causing the death of the plaintiff's intestate. Trial by jury and verdict for the defendant. It was not alleged and there was no evidence tending to prove that the intestate left any relatives, and at the close of the evidence the defendant moved for a directed verdict on the ground it could not be found that the intestate left an heir-at-law, surviving him. Transferred by *Kivel,* C. J., from the September term, 1919, of the superior court on the defendant's exception to the denial of this motion and on the plaintiff's exception to the following statements of the defendant's counsel: "Whether he [the intestate] had any relatives on the face of the earth, doesn't appear. If he [the plaintiff] should recover $20,000 which he asks for, where that money would go to, who would get it, except the administrator, is entirely a matter of conjecture."

"It is a little unusual to bring suit on a speculation of this kind. It may perhaps be a normal thing to you. We usually have a war widow, or children, or somebody claiming by reason of this man's death they have been deprived of assistance. That perhaps is the way you have heard cases tried." Exception. "But in this case the attorneys say the administrator of some unknown man wishes you to ask the United States Government through the Director General of Railroads, to pay into the hand of this unseen man, John H. Hinman, that didn't take interest enough in the case to tell you anything about it, absolutely no interest in it." Exception. "He asks you to pay $20,000 of the funds of the United States Government. What is he going to do with it? They start out and ask for that sum to be paid over in the dark, and how do they ask you and on what do they base their claim? In the first place they say that this nameless, unknown man . . ." Exception. "That this

man they have proved didn't come from anywhere, going anywhere, or is anybody, they say he is worth $20,000 to John Hinman." Exception.

*Drew, Shurtleff, Morris & Oakes* (*Mr. Oakes* orally), for the plaintiff.

*George F. Rich* and *Harry P. Sweetser* (of Maine) (*Mr. Rich* orally), for the defendant.

YOUNG, J.   The defendant bases his exception on the proposition that it is necessary for the plaintiff to allege and prove that the intestate left heirs-at-law surviving him; that, however, is not the rule in this jurisdiction, for as P. S., *c.* 191, *ss.* 8–13 have been construed, the office of *s.* 8 is to repeal to the extent named in the five following sections, the rule of the common law that actions of tort for physical injuries do not survive.   *Cochran* v. *Laton,* 78 N. H. 562; *Cogswell* v. *Railroad,* 78 N. H. 379, 386; *Guevin* v. *Railway,* 78 N. H. 289, 298; *Shea* v. *Starr,* 76 N. H. 538; *Piper* v. *Railroad,* 75 N. H. 435, 440; *Carney* v. *Railway,* 72 N. H. 365, 376; *Poff* v. *Company,* 72 N. H. 164.   In other words, the cause of action the plaintiff is attempting to enforce is the one the intestate might enforce if he were alive.   It follows that it was unnecessary for the plaintiff either to allege or prove that the intestate left relatives surviving him.   The defendant's exception, therefore, must be overruled, but that comes to little if, in fact, the intestate left no heirs-at-law, for while the cause of action survives, it survives for the benefit of those only who are named. *s.* 13.   Consequently the plaintiff will not be permitted to go to trial unless he satisfies the court that the intestate left some of those named in that section.

The defendant, when he made the statements excepted to was asking the jury to find for him because the intestate was a woodsman and left no heirs-at-law; and the fact the court permitted him to repeat these statements again and again subject to exception was equivalent to a ruling that that was permissible.   *Harrington* v. *Wadsworth,* 63 N. H. 400.

The order therefore must be

*Defendant's exception overruled: plaintiff's exceptions sustained: new trial.*

All concurred.