Grafton,
No. 5172.

Clinton H. Kelley, *Adm'r*

*v.*

State *&a.*

Argued November 5, 1963.
Decided December 30, 1963.

*Mack M. Mussman* (by brief and orally), for the plaintiff and George E. Tucker.

*William Maynard*, Attorney General, *William J. O'Neil*, Assistant Attorney General and *George L. Manias*, attorney (*Mr. O'Neil* orally), for the State.

KENISON, C.J.   In this jurisdiction there is no statutory provision regulating the descent and distribution of property from the decedent to the slayer.   Rees, American Wills Statutes II, 46 Va. L. Rev. 856, 888-889 (1960); Wade, Acquisition of Property by Willfully Killing Another — A Statutory Solution, 49 Harv. L. Rev. 715 (1936). Nor has the problem been presented in the case law of this state. Annot. 39 A.L.R. 2d 477. But, even in the absence of statute, a court applying common-law techniques can reach a sensible solution by charging the spouse, heir or legatee as a constructive trustee of the property where equity and justice demand it. 4 Scott, Trusts (2d *ed.* 1956) *s.* 492; Bogert, Trusts and Trustees, *s.* 478 (2d *ed.* 1960).   Although the Restatement, Restitution, *s.* 187, *comment* e has stated that this rule would not apply to manslaughter,

the cases generally have not followed this limitation as applied to voluntary manslaughter. 4 Scott, Trusts (2d *ed.* 1956) *s.* 492.3, note 4; *Chase* v. *Jenifer,* 219 Md. 564; *Abbey* v. *Lord,* 168 Cal. App. 2d 499. If the killing is intentional and unlawful, a constructive trust may be imposed upon the slayer whether his crime be denominated murder or voluntary manslaughter in those cases where it can be found that the slayer has been unjustly enriched by his criminal act. Bolich, Acts Barring Property Rights, 40 N.C. L. Rev. 175, 194 (1962). That brings us to the question whether the husband in the circumstances of this case can inherit the property of his wife and retain its benefits.

Counsel for the husband contends that the statutes defining the rights of a surviving spouse (RSA 560:12, 13) and regulating descent and distribution (RSA ch. 561) are exclusive and courts are powerless to imply an exception in those situations where property is acquired by homicide. *Bird* v. *Plunkett,* 139 Conn. 491; *Eversole* v. *Eversole,* 160 Ky. 793. Whatever merit there may be to this contention as a method of solving the problem, the result reached has been severely criticized and later cases have tended to reject both the method and the result as we do in this jurisdiction. 4 Powell, Real Property, *s.* 597 (1954); 27 Conn. B. J. 170 (1953).

The State contends that as a matter of public policy we should deny any title to the slayer by judicially writing such an exception into the statutes regulating the rights of surviving spouses and the statutes of descent and distribution. *Riggs* v. *Palmer,* 115 N. Y. 506 (*cf. Ellerson* v. *Westcott,* 148 N. Y. 149); *Perry* v. *Strawbridge,* 209 Mo. 621. See Potter, The Acquisition of Property by Homicide, 38 U. Det. L. J. 360 (1961). Here the result reached may be desirable but the method has been questioned and has not been generally approved in more recent decisions. Bolich, Acts Barring Property Rights, 40 N. C. L. Rev. 175, 186 (1962); *Neiman* v. *Hurff,* 11 N. J. 55; *Bradley* v. *Fox,* 7 Ill. 2d 106. We likewise reject this method of statutory construction and rely on the constructive trust approach where the facts and circumstances warrant its application. 4 Scott, Trusts (2d *ed:* 1956) *s.* 492, note 5, and *s.* 492.2; Bogert, Trusts and Trustees, *s.* 478 (2d *ed.* 1960). See 41 B. U. L. Rev. 78, 102-104 (1961).

The principle that one should not profit by his own wrong has not been pushed to extreme limits and the slayer has not

been chargeable as a constructive trustee in all cases where he acquires property from the victim as a result of the killing. If the killer was insane, he is not deprived of the property. *Anderson* v. *Grasberg*, 247 Minn. 538. *Cf. Minasian* v. *Aetna Life Insurance Company*, 295 Mass. 1. If the killer has a vested interest in part of the property, he is not deprived of it. "The underlying notion is that although the murderer should not be compelled to surrender property to which he is entitled apart from the murder, yet he should not be permitted to improve his position by the murder." 4 Scott, Trusts, *s.* 493, *p.* 3200 (2d *ed.* 1956). In other words the constructive trust is employed to prevent the murderer from making a profit by his crime and not as penalty for the crime. Restatement, Restitution, *s.* 187 (2), *comment* a.

In the present case, if we consider form rather than substance, it can be argued that the husband "profits" from his crime because he inherits property from his wife whom he shot. But the property she had at the time of her death was in substance his property and the estate he inherits from her "is considerably less than what" he has expended for her during their marriage of ten months. This is not the unjust enrichment that the constructive trust is designed to prevent. See *Abbey* v. *Lord*, 168 Cal. App. 2d 499; 4 Scott, Trusts, *s.* 493 (2d *ed.* 1956). Upon the record before us the Trial Court was correct in ruling that the husband "is entitled to benefits from the estate of his late wife . . . and that the State of New Hampshire is not entitled to said estate" by escheat. Restatement, Restitution, *s.* 188. The order is

*Exceptions overruled.*

All concurred.