Hillsborough,
No. 5899.

FRANCIS P. KELLEY, *Adm'r*

*v.*

VOLKSWAGENWERK AKTIENGESELLSCHAFT *& a.*

July 20, 1970.

*Devine, Millimet, McDonough, Stahl & Branch* and *Stephen J. Spielman* and *E. Donald Dufresne* ( *Mr. Spielman* orally ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden,* for defendants Volkswagenwerk and Volkswagen of America, filed no brief.

*Wadleigh, Langdell, Starr, Peters & Dunn* and *William C. Tucker* ( *Mr. Tucker* orally ), for defendant Hansen-MacPhee Engineering Company, Inc.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *William S. Orcutt* and *W. Wright Danenbarger* ( *Mr. Orcutt* orally ), for defendant Hickox Motor Sales, Inc.

KENISON, C.J. The principal issue in this case is whether the administrator of an estate can maintain an action for a breach of warranty which allegedly caused the death of the decedent. *See* Note, Breach of Warranty as a Basis for a Wrongful Death Action, 51 Iowa L. Rev. 1010 ( 1966 ); Annot., 86 A.L.R.2d 316.

Edward P. Kelley, the minor son of the plaintiff, was killed when the new Volkswagen which he was driving overturned on Route 101 in Candia, New Hampshire on August 2, 1964. The decedent had purchased the automobile on April 1, 1964 from defendant, Hickox Motor Sales, Inc. The vehicle was manufactured in Germany by the defendant, Volkswagenwerk Akteingesellschaft and imported to the United States by the defendant, Volkswagen of America, Inc. It was distributed to Hickox Motor Sales by the defendant, Hansen-MacPhee Engineering Company, Inc.

Plaintiff brought an action in three counts as administrator of his son's estate against all defendants. Count one is in assumpsit for breach of an express warranty of fitness and an implied warranty of fitness. Count two is in case for negligence. Count three is a plea of law for strict liability. Defendants Hanson-MacPhee Engineering Company and Hickox Motor Sales filed demurrers to counts one and three. Whether these demurrers should be sustained has been reserved and transferred without ruling by *Leahy,* C.J.

Defendants rely upon *Howson* v. *Company,* 87 N.H. 200, 177 A. 656, and *Wadleigh* v. *Howson,* 88 N.H. 365, 189 A. 865, for the proposition that an administrator cannot bring an action for a breach of warranty causing death. Plaintiff contends that RSA 556:12 and RSA 556:15 changed the common-law principle relied upon in *Howson* v. *Company supra,* and *Wadleigh* v. *Howson supra,* and therefore these cases are incorrect and should be overruled. We agree with the plaintiff.

At common law, tort actions, whether pending or not, did not survive either the plaintiff or the defendant. Prosser, Law of Torts 920 ( 3d ed. 1964 ). Some states have changed this common-law rule by providing a new cause of action called a "wrongful death action." New Hampshire, however, has a "survival statute" which changes the common-law rule by preserving the cause of action which the decedent would have had, had he not

died. RSA 556:9-11; *Hinman* v. *Director General of Railroads,* 79 N.H. 518, 112 A. 382; 6 N.H.B.J. 305 ( 1964 ). *See Burke* v. *Burnham,* 97 N.H. 203, 84 A.2d 918 and *West* v. *Railroad,* 81 N.H. 522, 524, 129 A. 768.

At common law contract actions survived in favor of a party's representative. Prosser, Law of Torts 925 ( 3d ed. 1964 ). *Pettingill* v. *Butterfield,* 45 N.H. 195, 199. However it had been decided that if a contract action is in fact for the recovery of damages for personal injury, the action would die with the party under the rule applied to tort cases. *Jenkins* v. *French,* 58 N.H. 532; *Vittum* v. *Gilman,* 48 N.H. 416.

Prosser refers to warranty as " a freak hybrid born of the illicit intercourse of tort and contract. " Prosser, Strict Liability to the Consumer, 69 Yale L.J. 1099, 1126 ( 1960 ). Breach of warranty apparently began as a tort action, although there is some indication that either trespass or assumpsit would lie. Today breach of warranty actions are generally treated as contract actions. Prosser, Law of Torts 679 ( 3d ed. 1964 ). Thus count one of plaintiff's declaration alleging a breach of implied warranty does not survive by virtue of RSA 556:9 which specifically applies to " tort " actions. *Howson* v. *Company supra,* and *Wadleigh* v. *Howson supra,* so held.

RSA 556:15 provides that "[a]ll other actions and causes of action existing in favor of or against a deceased person, except those for the recovery of penalties and forfeitures of money under penal statutes, shall survive, and may be prosecuted or defended by his administrator. " This statute changes the common-law rule, as it was applied to contract actions, that personal injury actions die with the person. *Stewart* v. *Lee,* 70 N.H. 181, 185, 46 A. 31. *See* RSA 508:11; *Miller* v. *Preitz,* 422 Pa. 383, 221 A.2d 320.

Defendants contend that *Pettingill* v. *Butterfield,* 45 N.H. 195 interpreted a predecessor of RSA 556:15 ( R.S. ch. 186, *s.* 14 ) as not increasing the number of actions which survive, but as only changing the rule that all suits technically abate with the death of either party. The holding of that case is the converse of this contention. The actions named in the statute were to survive in the same manner as other actions, such as the contract action involved in that case, did at common law. This meant that although the suit would technically abate, the personal representative of the deceased could revive it. The fact that the contract action under consideration in that case abated, with leave to the

administrator to revive it, shows how the court interpreted the statute. *See* RSA 556:10.

There is a related common-law rule, dating from *Baker* v. *Bolton,* 1 Camp. 493, 170 Eng. Rep. 1033 (1808), that "in a civil court the death of a human being could not be complained of as an injury." Prosser, Law of Torts 924 (3d ed. 1964). RSA 556:12 changed the rule of *Baker* v. *Bolton* by providing that where "the administrator of the deceased party is plaintiff, and the death of such party was caused by the injury complained of in the action," the losses caused by the death may be considered as an element of damages.

Defendants claim that RSA 556:12 is integrally related to RSA 556:9 and that by the terms of RSA 556:9, RSA 556:12 applies only to tort actions. Such a conclusion does not necessarily follow from the language of either section. RSA 556:9, by its terms, applies to all actions of tort for physical injuries to the person and the causes of such actions where either party is deceased. It thus changes the common-law rule in all such cases and not just in those cases in which the plaintiff has died from tortiously inflicted injuries complained of in the action. RSA 556:9 states that it is limited by the "five following sections" (RSA 556:10-14). But RSA 556:12 also contains limiting language. RSA 556:12 applies only "[i]f the administrator of the deceased party is plaintiff, and the death of such party was caused by the injury complained of in the action . . . ." Thus RSA 556:12 is not confined to actions which survive by virtue of RSA 556:9. There is nothing specific in RSA 556:12 which would limit its application to tort actions. Any damages recoverable by virtue of RSA 556:12 are limited by RSA 556:13, 14 whether the form of the action sounds in tort or contract. Plaintiff, as administrator, may maintain an action for breach of warranty as alleged in count one. Defendants' demurrers to count one are overruled.

The questions raised by the demurrers to count three have recently been answered in *Buttrick* v. *Lessard,* 110 N.H. 36, 260 A.2d 111 and *Stephan* v. *Sears Roebuck & Co.,* 110 N.H. 248, 266 A.2d 855. Count three alleges the ground for strict liability which was recognized as a cause of action in New Hampshire in *Buttrick* v. *Lessard supra.* Subsequently this court held in *Stephan* v. *Sears Roebuck & Co. supra,* that the usual common-law rule, that decisions overruling prior precedents are retrospective, would apply to actions based on strict liability.

Defendants' demurrers to count three of plaintiff's declaration are therefore overruled. *See* Restatement, Second, Torts *s.* 402-A.

> *Defendants' demurrers overruled.*
> *Remanded.*

All concurred.