Belknap
No. 6581

### Solveig Lundberg, Administratrix w.w.a Estate of Olivia C. Hagen

v.

### Arne Hagen and Sentry Insurance Company, Intervenor

February 28, 1974

*James J. Kalled,* by brief and orally, for the plaintiff.

*Sullivan, Gregg & Horton (Mr. James L. Sullivan* orally) for the defendant.

*Devine, Millimet, Stahl & Branch* and *Joseph M. McDonough III (Mr. McDonough* orally) for the intervenor.

KENISON, C.J. The sole question in this case is whether an action to recover damages for personal injuries suffered by the plaintiff's testatrix from an automobile accident allegedly caused by the negligence of the defendant, her husband, should be dismissed because the defendant was the sole beneficiary under his wife's will. In advance of trial, the defendant's motion to dismiss the action was denied by the trial court. A trial by jury with a view resulted in a verdict for the plaintiff in the amount of $7,500. After the verdict, the defendant renewed his motion to dismiss and also moved to set aside the verdict. *Dunfey,* J., denied both motions and reserved and transferred all questions of law raised by these proceedings.

On July 26, 1968, Olivia C. Hagen was a passenger in an automobile operated by her husband which was involved in an accident in Alton, New Hampshire with a vehicle being operated by one Mastroelli. As a result of the accident, Mrs. Hagen suffered personal injuries which were unrelated to her subsequent death. She brought suit against her husband and Mastroelli to recover damages for the injuries several months later, and while the case was pending, she died on November 5, 1970, at the age of eighty-three. The defendant was named the sole beneficiary and executor of her estate under a will dated March 12, 1970. On February 9, 1971, Solveig G. Lund-

berg, the decedent's daughter, was appointed administratrix w.w.a. and made a party to the pending action. A verdict was rendered for the plaintiff against the defendant Hagen, but in favor of defendant Mastroelli.

Both the plaintiff and defendant herein have urged this court on appeal to affirm the lower court decision. The intervenor, being the defendant's insurer, has filed a brief in opposition. It argues that the award of $7,500 to the estate of Mrs. Hagen will pass directly to the defendant as her sole heir, thus violating the principle that a person cannot be allowed to profit by his own wrong. It asserts that the technical form of her estate should be disregarded in this instance to bar recovery by the defendant, who was found legally responsible for his wife's injuries.

The intervenor primarily relies on the case of *Niemi v. Boston & Me. R.R.*, 87 N.H. 1, 173 A. 361 (1934), in support of its position. In that case the plaintiff's negligence caused an accident between his automobile and the defendant's train and resulted in the death of his three children, who were passengers in the car. The plaintiff filed death actions pursuant to P.L. 302:12, now RSA 556:12 (Supp. 1973), against the defendant on the behalf of his intestate children. Under P.L. 302:14, now RSA 556:14 (Supp. 1973), the distribution of recovered damages would have passed directly to the plaintiff as statutory beneficiary. The defendant set forth the theory that since plaintiff was negligent, he should be prevented from benefiting from his wrongful conduct. The court upheld this theory on the basis that the real parties in interest under a statutory death action were the statutory distributees. Thus, the court concluded that the plaintiff was barred from recovery so far as he was a beneficiary of the actions.

We believe that *Niemi* is distinguishable from the present case. The action in this case is not a statutory death action, but an action for personal injuries suffered by Mrs. Hagen while she was alive. She initiated the action against her husband, and after her death, the administratrix prosecuted the cause as an asset of the decedent's estate under RSA 556:10, which permits the survival of actions pending at death. *Kelley v. Volkswagenwerk*, 110 N.H. 369, 370-71,

268 A.2d 837, 838 (1970). The *Niemi* court recognized that an action which survives belongs to the estate and specifically stated that "heirs and legatees are *not* parties in interest, in the legal sense of the term, in a proceeding by or against the representative of the estate . . . ." (Emphasis added.) *Niemi v. Boston & Me. R.R.*, 87 N.H. 1, 5, 173 A. 361, 364 (1934). Thus, by its own language, the *Niemi* decision is inapplicable to the case at bar. *See* Franklin, *Wrongful Death and Survival Actions in New Hampshire,* 6 N.H.B.J. 305, 309 (1964); *Burke v. Burnham,* 97 N.H. 203, 84 A.2d 918 (1951). This court has not blindly prohibited recovery where the facts suggest that justice would be better served by permitting the wrongdoer to take from the decedent's estate. *Kelley v. State,* 105 N.H. 240, 196 A.2d 68 (1963); 6 N.H.B.J. 245 (1964).

There is substantial authority in support of the rule that under survival statutes the contributory negligence of the beneficiary of the decedent's estate is not a defense. *Schetter v. United States,* 136 F. Supp. 931, 935 (W.D. Pa. 1956); *Kuehn v. Jenkins,* 251 Ia. 718, 731-34, 100 N.W.2d 610, 618-20 (1960); *Mitchell v. Akers,* 401 S.W.2d 907, 911-12 & n. (1966); S. Speiser, Recovery for Wrongful Death § 5.6 (1966); Annot., 2 A.L.R.2d 785, § 8 (1948, Supp. 1971). This rule arises from the purpose of such statutes to ensure the full settlement of a decedent's estate by permitting his representative to prosecute or defend actions in which the decedent had an interest while living. Since the contributory negligence of a decedent's heirs would not bar his recovery prior to his death, it follows logically that his estate should be in the same position.

Under New Hampshire law a married woman can maintain an action of tort against her husband during marriage. *Taylor v. Bullock,* 111 N.H. 214, 215, 279 A.2d 585, 586 (1971); *Schneider v. Schneider,* 110 N.H. 70, 70, 260 A.2d 97, 98 (1969). If a judgment had been entered and paid in this case prior to Mrs. Hagen's death, it could be hardly contended after her death that the defendant was disqualified to take under her will due to his previous negligence. *See Potter v. Potter,* 224 Wis. 251, 257-58, 272 N.W. 34, 36-37 (1937). We believe that the same principle should

apply in this case, especially since Mrs. Hagen expressly made the defendant her sole legatee in a will executed after the institution of this action. The damages are recovered for the benefit of her estate, and she clearly intended that he should receive all property passing under her will.

*Defendant's exceptions overruled.*

All concurred.