FRENCH, *Adm'r,* v. MASCOMA FLANNEL CO.

Chapter 71, Laws 1887, giving to the executor or administrator of a person whose death is caused by the wrongful act or neglect of another an action for the injury to the person and estate of such person, is not a bar to an action brought by the personal representative of the deceased by virtue of *c.* 11, Laws 1885.

The notice required by *c.* 71, *s.* 2, Laws 1887, does not apply to a cause of action under *c.* 11, Laws 1885.

CASE, for injuries. The writ is dated August 18, 1888. The declaration alleges negligence of the defendants in the discharge of a duty, whereby the deceased intestate was subjected to mental and bodily suffering, was strangled and drowned April 28, 1888. The defendants demurred, and assigned for cause of demurrer that the declaration does not allege that the deceased or his adminis-

trator, within sixty days after the injuries complained of were received, gave any notice of the time when and the place where the injuries were sustained, and the cause thereof.

*G. B. French*, for the plaintiff.   Under the common law the mere causing of death without attendant suffering was not actionable; but the causing of bodily and mental suffering and expense in the lifetime of the deceased, wrongfully, through neglect of duty, was actionable, and the death of the injured party made it none the less actionable although the right of action did not survive.   *Jenkins* v. *French*, 58 N. H. 532; *Sawyer* v. *Railroad*, 58 N. H. 517; *Corliss* v. *Railroad*, 63 N. H. 404.

In this case compliance with *c.* 71, Laws 1887, as to notice, was impossible.   But if no exception as to notice can be inferred, still the common-law right of action for mental and bodily suffering and expense during life has never been abrogated, and that right survived under *c.* 11, Laws 1885.

The statute of 1879 (*c.* 35) did not create a cause of action for causing suffering to a person by wrongful neglect of duty, but simply provided for the survival of causes of action to which the injured party would have been entitled had he not died.   So, when the legislature in 1887 repealed in terms the survival law of 1879, presumably the special mention of what they wished to repeal excludes everything else from their intention in that direction. *Colby* v. *Cate*, 64 N. H. 476, 478; *Warden* v. *Balch*, 59 N. H. 468. They did not undertake to repeal the common-law, but by the introduction of new elements of damages practically created a new cause of action, embracing such injuries as the common law recognized, and other elements akin to loss of service.   They recognized the interest which a person's family have in his life as a guaranty of support, and they also recognized an injury to that interest as a natural consequence to be contemplated by a wrong-doer.   We say they practically created a new cause of action, because the metaphysical distinction between cause of action and injuries and damages is more nice than valuable here in the discussion of intentions.   It is not a distinction made in the ordinary use of language by legislators.   Not only is there practically a new cause of action recognized in the law of 1887, but a partially new remedy is provided in the requirement of notice which forms a necessary part of the proceeding to recover.   The notice is made such a part of the remedy, that when it has been given it is as though a suit had been instituted and a foundation for depositions laid.   This notice, however, is a qualification of the ordinary procedure, designed for the benefit of the wrong-doer, and is the *quid pro quo* for the recovery for loss of future earnings and support, and the expense to the estate after death.   The increased privileges of the law are set over against additional burdens in procedure.

We must assume an impartial intention on the part of the law-makers to make laws broad and catholic enough to be available to all parties suffering any injury from a similar wrong.  We have a right to assume that no mockery of equal rights once enjoyed will be accomplished by substituting somewhat enlarged rights for a smaller number of citizens, to the ignoring of other citizens who have done nothing to forfeit their former deserts, but, from the nature of things, cannot comply with the new requirements of law. It is safe to say the legislature never meant to require what is physically impossible.

Repeals of statutes are never to be inferred easily where no mention of repeal is found in the law, and much less when the extent of repeal is explicitly stated.  Repeals by inference of statutes are not in favor, and it is said that repeals of the common law are much less in favor.  *State* v. *Wilson*, 43 N. H. 415, 418.  The doctrine is, that the statute must be reconciled, if possible, with preceding statutes and the common law, and all be allowed to stand if there is a reasonable field for their operation.  There must be an "irreconcilable conflict" to justify an implied repeal or abrogation of prior laws.

The law of 1879 was not as broad as the common law became under the survival law of 1885, for if there were no widow or widower, children or heirs, you could not proceed to recover damages to go to creditors, or to revert to the state in case there was more than enough for creditors.  It may have grown out of the ruling in *Jenkins* v. *French*, 58 N. H. 532.  It qualifiedly saved the cause of action alluded to in *Wyatt* v. *Williams*, 43 N. H. 106, *Corliss* v. *Railroad*, 63 N. H. 404, and *Clark* v. *Manchester*, 62 N. H. 582.

The law of 1885 covered every possible cause of action included in the law of 1879.  Repeal the law of 1879, as was done in 1887, and the cause of action in this suit has ample life surviving under the law of 1885.

So far, no new cause of action had been created more complete than the common law, and nothing but a limited remedy had been provided for by the statute of 1879.  Now let us look at the law of 1887, and see if the legislature intended to impair or destroy any existing cause of action, or whether it intended to create a new cause of action in certain features, old in others, and condition its privileges with a remedy, more burdensome than the old, and a limitation of damages, to prevent ruin in some cases where the earning capacity would be very great.  When the maximum damages were placed at $7,000, can anybody suppose that the legislature believed that that amount would compensate for injuries which might, after long months or years of suffering and great expense, end in death?  Is it to be supposed that they purposed legislating such cases out of all remedy except that provided for in the act of 1887?  If the rights of the common law are still preserved for that case and similar cases, they are for all who suffer

and die sooner or later from injuries, and choose to sue in their lifetime for common-law damages, or through administrators after death. Damages to the "person and estate" are defined as for "mental and physical pain of the injured person, the expense occasioned to him in his life and to his estate upon his decease, his age, and his probable duration of life and earning capacity but for said wrongful act or neglect." This is no common-law rule of damages, and it is practically no common-law cause of action. It is massing the common-law cause of action with a cause not unlike that for loss of service, and opening the privileges of the law solely to widow or widower, children or heirs.

The main mischief undertaken to be redressed is the loss to his family of a support and competence cut short by death. Nowhere is there any negative on recovering common-law damages by a common-law procedure without notice. The condition precedent to the recovery of such damages, or for "such injuries," is notice, and they shall not exceed $7,000, and suit shall be brought within two years from giving notice. If the family would profit by this law, then it must enter court by the proper door opened by statute, and cannot find fault with its difficulties. But because there is such a right and remedy for the family and heirs, there can be no justice in denying a recovery for mental and bodily suffering and expense occasioned during life, for the benefit of the estate generally, which can alone be recovered under the common law, in the absence of beneficiaries under the statute.

Suppose a person is rendered unconscious by an injury, and lingers along in suffering with insufficient strength or understanding to make the required affidavit of notice, and so dies at the end of sixty days: did the humane legislators mean to leave him no redress?

What shall be done with cases of unavoidable delay, beyond sixty days from the sustaining of the injury, in getting an administrator or executor appointed? Such delays will come without the fault of the estate when the matter is contested and appeals follow. The person may live in utter unconsciousness fifty-nine days or more than sixty days: is there no remedy left for the estate of the person whose kindred and friends are afar off and perhaps unknown, and whose death is compassed by the hand of neglect in a land of strangers? There is no one at hand entitled to administer within the sixty days: is there no remedy for injuries causing suffering and death by an act of negligence, and the cause all undiscovered for more than sixty days? is there no remedy for injuries to a party who is without widow or widower or known heirs, but whose creditors are injured by his untimely death?

Shall we say that s. 12, c. 226, Gen. Laws, was repealed by the law of 1887, where death resulted from the injury, and that the cause of action first entered upon cannot be prosecuted to final judgment because death was not anticipated and notice given

within sixty days from the wrongful injury? This is too much to believe. But what cause of action is it in such case that is prosecuted and can go to final judgment? Evidently not one grounded in the law of 1887 and open to its damages; for when the writ is brought prior to death or its anticipation, the allegations of injuries could not cover all provided for in that law, and a man so injured might leave no beneficiaries under the statute. Evidently it is the common-law right which is prosecuted. If the cause of action in the law of 1887 is not exclusive of a common-law right when prosecuted before death, by what course of good reasoning or equal justice ought it to be held exclusive or destructive of that right when prosecuted after death, its survival having been secured by the law of 1885? Can a party plead in bar of such suit a greater injury, namely, death, and greater damages, and say you shall have none but the greater damages? That there is a difference in the amount to be recovered in the one case and in the other is nothing more than what we find in other cumulative remedies, and a party can be protected against paying damages twice, as is suggested in *McGovern* v. *Railroad*, 67 N. Y. 424, and in *Conner* v. *Paul*, 12 Bush 144.

The act of 1887 was an enlarging act in a certain sense, and is entitled to a preserving construction.

*J. L. Spring*, for the defendants. Notice is indispensable. It must be given within sixty days from the time the injury complained of was received. To hold that the time may be extended by reason of delay in the appointment of an administrator would defeat the object of the statute requiring notice, that being to give the defendant notice while the facts and evidence are fresh. If the time may be extended, an action may be brought after the lapse of many years. The requirement of notice is not analogous to the statute of limitations, nor to cases of injury by reason of defective highways, because in the latter case the statute provides that the court may grant relief in certain cases; which shows that without some such provision no action could be maintained in highway cases without the notice within the time limited.

The law of 1887 provides that "in assessing said damages there shall be considered the mental and physical pain of the injured person, the expense occasioned to him in his life and to his estate upon his decease, his age, and his probable duration of life and earning capacity but for such wrongful act or neglect." This comprises all of the elements of damage that can be included in any action, either at common law or under the statute. It is imperative that all of the foregoing elements of damage shall be included. All that could in any way be considered at common law was the first of those above named, to wit, "the mental and physical pain of the injured person, and the expense to him in his life." The plaintiff claims that the words "such injuries," in section 2,

refer to all of the elements of damage mentioned in the first section. If this is correct, then it must follow that no action can be sustained without the required notice for any of the elements of damage (or injuries, if they should be so called) that are enumerated in section 1; and as section 2 provides expressly that no suit for such injuries shall be sustained without notice, it seems clearly to negative the claim that an action can be sustained at common law for a part of such injuries.

There is no reason for holding that an action can be maintained at common law for the benefit of the estate for the damages accruing up to the moment of dissolution, because the law of 1887 provides for a full and comprehensive assessment of all the damage. The damages claimed by the plaintiff in this action are for the " mental and bodily suffering of his intestate." We understand this to be identical with the " mental and physical pain " mentioned in the law of 1887, and suit for which is absolutely prohibited without the prescribed notice.

The plaintiff claims that this action can be maintained by virtue of the law of 1885 providing for the survival of all actions, as the law of 1887 did not in terms repeal anything except the law of 1879. Let us suppose that the act of 1885 stands in full force as to the survival of rights of action : it must be within the power of the legislature to provide for certain notice and limitations, and this it has done very clearly. There was no need of repealing the act of 1885 in order to give full effect to the act of 1887. The law of 1887 does not say that the remedy for causing death by a wrongful act shall not survive, but only that no action shall be maintained therefor unless notice is given as prescribed. It does not in terms say anything about a cause of action surviving or not surviving, but only provides that such suit shall not be brought unless notice is given as specified; but if it is held to be inconsistent with the law of 1885, then it repeals it so far as they conflict. *State* v. *Wilson*, 43 N. H. 415.

Admitting that the right of action survives, it only puts it upon a level with actions for damage on account of injuries received by reason of defective highways. The legislature has imposed a notice in each case as a condition precedent to the maintenance of an action.

A plain and positive provision of law cannot be disregarded, even for the purpose of correcting gross injustice. *Larkin* v. *Portsmouth*, 59 N. H. 26 ; *Peabody's Petition*, 40 N. H. 342. To claim that the court can, by any construction or holding, allow a suit to be maintained where the notice was not seasonably given as required by the law of 1887, would be as untenable as to claim that suit could be brought after the two years prescribed. Each of the above provisions is as explicit and as indispensable as the other. The authorities are uniform that such limitation must be regarded.

In *Piller* v. *Southern Pacific Railroad*, 52 Cal. 42, it was held

that " the fact that a person injured by a railroad collision does not. recover for a long time does not extend the time of bringing the action beyond the two years prescribed by the code." To the same effect is *Hanna* v. *Jeffersonville Railroad Co.*, 32 Ind. 113.

The law of 1887 takes up one special class of injuries, and provides fully, adequately, and exclusively a remedy for the same, and it is absurd to argue that it is optional with the plaintiff to be governed by it or to disregard it, or that if he will content himself with such damages as the common law would give him, he may disregard the requirements of notice within sixty days, the two years' limitation, and the limitation as to amount of damages. There is no sound reason for the claim that the common-law remedy remains operative, independent of the act of 1887.

It is urged that the law of 1887 is cumulative, leaving the common-law remedy for injuries caused by negligence in full force. We submit that when the law provides that such suits shall not be brought without notice, it supersedes all common-law rights. So far from being cumulative, it expressly prohibits bringing such suits without the prescribed notice. How a law that expressly prohibits an action without notice can be cumulative to a prior law which permitted it we are unable to comprehend.

There is no force in the claim that it would be a special hardship to hold that such an action cannot be brought unless notice be given within the time limited, because at common law for centuries no such action could be maintained where death ensued. Now when the legislature, by the acts of 1879 and 1887, provided a remedy where none existed before, it cannot properly be called a. hardship if such a reasonable condition as that of notice within a limited time is required.

SMITH, J. At common law, causes of action which affect the estate survive for or against the executor, and those which affect. only the person die with the person. Section 16, c. 198, Gen. Laws (that an administrator may prosecute or defend any action pending for or against the deceased, whether the cause of action does or does not by law survive, if he or the surviving party so elect) applies only to actions commenced in the lifetime of the deceased. If no action has been brought by the party injured where the cause of action does not survive, none can be by his. personal representative in the absence of any statute permitting it.. Accordingly it was held, in *Wyatt* v. *Williams*, 43 N. H. 102, that an action by the wife will not lie to recover damages for the killing of the husband, whether caused by a felonious act or by negligence ; and in *Vittum* v. *Gilman*, 48 N. H. 416, reäffirmed in *Jenkins* v. *French*, 58 N. H. 532, that a cause of action against a physician or surgeon arising from want of care or skill in the cure of the patient does not survive against the executor. " The line of demarcation separating those actions which survive from those

which do not, is, that in the first the wrong complained of affects primarily and principally property and property rights, and the injuries to the person are merely incidental, while in the latter the injury complained of is to the person, and the property and rights of property affected are incidental." *Jenkins* v. *French, supra ;*— see, also, *Sawyer* v. *Railroad*, 58 N. H. 517, and *Clark* v. *Manchester*, 62 N. H. 577.

The first innovation in this state upon the common-law rule that a personal action dies with the person, unless *s*. 16, *c*. 198, G. L. (identical with *c*. 139, Laws 1844, *c*. 161, *s*. 16, R. S., *c*. 179, *s*. 16, G. S.) is an exception, is the statute of 1850, *c*. 953, reënacted in G. S., *c*. 264, *s*. 14, and again in G. L., *c*. 282, *s*. 14, which applied solely to railroad corporations, proceeded by indictment, and imposed a fine for the benefit of the widow and children, in case the life of a person not in the employment of the road should be lost by reason of the negligence or carelessness of the proprietors of the road.   This statute was expressly repealed in 1879, and in its stead was enacted a statute applying to all persons, natural as well as artificial.   Laws 1879, *c*. 35.   It provided that when the death of a person is caused by a wrongful act or neglect of another, which, if death had not ensued, would have entitled the person injured to recover damages therefor, on the death of such person his executor or administrator may, by suit brought within two years of his death, recover damages for the injury for the benefit of his widow, children, and heirs.   The act of 1885, *c*. 11, providing that "No action or cause of action shall be lost by the death of either party, but the same shall survive for or against the personal representatives of the deceased," removed every bar imposed by the common law to the bringing of actions by an executor or administrator for personal injuries resulting in death. The time for bringing such actions, instead of being limited to two years from the death of the person injured, was left to be governed by the general statute, which provides that all personal actions, except actions of trespass to the person and actions for defamatory words, may be brought within six years after the cause of action accrued.   G. L., *c*. 221, *s*. 3.

If there had been no other legislation upon the subject, the plaintiff might recover under his declaration, which sets forth the common-law cause of action.   But in 1887 the act of 1879 was expressly repealed, and in its stead was enacted a statute giving to the executor or administrator of a person whose death is caused by the wrongful act or neglect of another, an action for the injury to the person and estate of such person.   Laws 1887, *c*. 71.   It is claimed by the defendants that the act of 1887, if it did not by implication repeal the act of 1885, imposed upon it the condition of notice to the defendants within sixty days after the injury was sustained.   The cause of action given by the statute of 1887 differs in many respects from the common-law cause of action, and

from the cause of action given by the statute of 1879. In the statute of 1879 the damages were limited to such as the deceased, if living, might recover. *Corliss* v. *Railroad*, 63 N. H. 404; *Clark* v. *Manchester*, 62 N. H. 577. But they were not limited in amount. By the statute of 1887, damages not exceeding $7,000 may be recovered for the mental and physical pain of the injured person, the expense occasioned to him in his life and to his estate upon his decease, and there are also to be considered his probable duration of life and earning capacity but for the wrongful act or neglect which caused his death.

The express mention in section 4 of the repeal of the statute of 1879 excludes the inference that the repeal by implication of the act of 1885 was intended. The maxim *expressio unius* applies. The fact that the act contains no clause repealing any other statute than that named, is an indication that the legislature did not understand that the act of 1887 was inconsistent with them. *Colby* v. *Cate*, 64 N. H. 476, 478.

If the act of 1885 was repealed, it would seem to follow that s. 16, *c.* 198, Gen. Laws, admitting an administrator to prosecute or defend any action pending for or against the deceased, was also repealed. It hardly admits of doubt that there was no such legislative intent. Prior to 1887, the various statutes successively modified the strictness of the ancient maxim, reversing the common law concerning the survivorship of actions and causes of actions. We fail to discover any purpose of the legislature of 1887 materially to modify the action of its predecessors in these respects. On the contrary, the statute recognizes a wrong to the family of a deceased person, and gives an additional cause of action. In addition to the injury to the deceased and to his estate, there may be recovered the injury to his family occasioned by his death. The word "injury," in section 1, includes (1) the injury to the person injured until he dies, and (2) the injury to his widow, children, or heirs by reason of his death. The words "suit shall not be brought for such injuries," in section 2, refer to "injury" in section 1. This is the only negative clause in the statute. The act of 1885 did not repeal the act of 1879. So, if the act of 1879 had been passed after that of 1885, it would not have repealed it.

In Massachusetts it is held that their statute (Statutes of 1887, *c.* 270, s. 1, *cl.* 1) giving to an employé exercising due care a right of action for an injury caused by "any defect in the condition of the ways, works, or machinery connected with or used in the business of the employer," arising from the employer's negligence, is not a bar to an action at common law, brought by an employé for personal injuries caused by a defect in such machinery, for which such an action might have been maintained before the passage of the statute. *Ryalls* v. *Mechanics' Mills*, 150 Mass. 190.

In this case the notice required by the statute of 1887 was not given within the sixty days. The plaintiff's intestate was pre-

vented by death from giving it, and no administrator was appointed for more than sixty days from the time of the injury. Whether in such case, or in any case where compliance with the statute in this respect is impossible, notice may be given after the lapse of sixty days and when the disability is removed, or whether an action under the statute may be maintained without the notice being given, are questions that need not be considered.

*Demurrer overruled.*

ALLEN, J., did not sit: the others concurred.