Hillsborough,  } No. 3670.
July 2, 1947.  }

MARGUERITE FERRY *v.* MARION E. FERRY.

*Samuel A. Margolis* (by brief and orally), for the plaintiff.

*John D. Wilcox, Robert E. Earley* and *Paul J. Doyle* (*Mr. Doyle* orally), for the defendant.

DUNCAN, J. The applicable statute of limitations provides as follows: "3. PERSONAL ACTIONS. Actions of trespass to the person, actions for malpractice, and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward." R. L., *c.* 385, *s.* 3. In all respects material here, the statute is in the form in which it appeared in the General Statutes enacted in 1867. G. S., *c.* 202, *s.* 3. As then adopted, it was a consolidation of two sections appearing in the revision of 1853. C. S., *c.* 192, *ss.* 3, 4. The two year limitation was there expressed as follows: "Sec. 3. Actions for words and for any assault, battery, wounding or imprisonment, shall be brought within two years after the cause of action accrued, and not afterwards."

The defendant contends that the plaintiff's action is one of trespass for false imprisonment, and hence within the two year limitation. The plaintiff claims that case is the proper form of action because the alleged commitment was not the "immediate act of the defendant," but of the physicians to whom the defendant is alleged to have made misrepresentations concerning the plaintiff's sanity presumably for the purpose of obtaining certificates that she was insane. R. L., *c.* 17, *s.* 18.

By the revision of 1867 the wording of the statute of limitations was changed from "actions for . . . any assault, battery, wounding or imprisonment" to "actions of trespass to the person." Before amendment, the applicability of the statute was dependent upon the nature of the cause of action, rather than upon the form of the action. See, *M'Cluny* v. *Silliman*, 3 Pet. (U. S.) 270. This is apparent both

from the language of the section in question and that of other sections of the same chapter. Any suggestion of intention by the amendment to make the form of the action controlling, rather than its substance is negatived by the circumstances surrounding adoption of the revision. The report of the commissioners, upon which the legislative action was taken, expressly indicates by marginal note that the changes made by section 3 represent merely a substitution of different language, by which "the sense is not designed to be altered." Report of the Commissioners to Revise, Codify and Amend the Statute Laws of New Hampshire, "Introductory Report" (1867). In the absence of evidence of any intent on the part of the legislature differing from that of the commissioners, we conclude that the applicability of the present statute, like that of 1853, is to be determined according to the cause of action, rather than the form. In this interpretation of the statute, the refinements which are sometimes said to distinguish case from trespass need not be considered. See *Dalton* v. *Favour*, 3 N. H. 465. The present statute is sufficiently broad to include all of the particular causes enumerated in the prior statute; and by ordinary usage, an action for false imprisonment is an action of "trespass to the person." See, 2 Chitty on Pleadings 610, 614; Morrison's Digest, Tort, IV; *Cahill* v. *Terrio*, 55 N. H. 571. If the cause stated by the plaintiff's declaration is false imprisonment the two year limitation applies.

The defendant correctly points out that no cause of action for wrongful or malicious prosecution is stated by the plaintiff's declaration. The essential element of lack of probable cause is not alleged. *Cohn* v. *Saidel*, 71 N. H. 558; *Woodman* v. *Prescott*, 65 N. H. 224; 66 N. H. 375. The method of commitment is not alleged. Commitment by a "friend" under the statutory procedure provided by R. L., *c.* 17, *s.* 11 would involve nothing in the way of a judicial proceeding such as would answer the requirements of an action for malicious prosecution. See, *Blenn* v. *Morrill*, 90 N. H. 109; Restatement, Torts, *s.* 678; Note, 145 A. L. R. 711, 712.

While false imprisonment is commonly defined as the unlawful restraint of a person's liberty against his will (See, 35 C. J. S. 501; 22 Am. Jur. 353), it is not essential that the restraint be imposed directly by the wrongdoer. *Cf.* Restatement, *supra*, *s.* 37. It is sufficient if it is effected by him directly or indirectly. 22 Am. Jur. 371, *s.* 31; 35 C. J. S. 527, *s.* 24; 550, *s.* 36. The statute permits commitment of an insane person to be caused by a parent, guardian or friend, not by the certifying physicians. R. L., *c.* 17, *ss.* 11, 18. Such a confinement

398

is not "by arrest under a valid process issued by a court having jurisdiction." Restatement, *supra, s.* 35, *comment* (a). In such case no court order is required. There is no suggestion that any protects the defendant here. If, as provided by statute, certificates were procured of the two physicians referred to in the declaration, their action would justify those in charge of the hospital in receiving the plaintiff into custody.. *Horne* v. *Bancroft,* 62 N. H. 362. But the execution of such certificates is not alleged, and the question of whether they would be equivalent to the "legal process of a court of proper jurisdiction" so as to protect the defendant, and preclude maintenance of trespass for false imprisonment is not involved. See, Note, 145 A. L. R. 711, 728-732, *supra.* See also, Note, 10 A. L. R. 488; 1 Cooley, Torts (4th *ed.*) *s.* 113; *In re Cornell,* 111 Vt. 525; *In re Ryman,* 139 Pa. Super. 212.

The wrong alleged is unlawful commitment. The *gravamen* of the action is unlawful interference with the plaintiff's person (*Noyes* v. *Edgerly,* 71 N. H. 500, 502; *Cahill* v. *Terrio, supra*), even though the damages alleged to have resulted therefrom include injury to the plaintiff's reputation and loss of employment. See, *Bennett* v. *Sweet,* 171 Mass. 600. The declaration purports to allege false imprisonment as a cause of action. See, 35 C. J. S. 516, *s.* 16; *Fletcher* v. *Fletcher,* 1 El. & El., Q. B., 420; *Keleher* v. *Putnam,* 60 N. H. 30; *Davis* v. *Merrill,* 47 N. H. 208; *Breck* v. *Blanchard,* 22 N. H. 303, 311. As such a cause of action, it is plainly within the class of causes now designated as actions of trespass to the person, and barred by the limitation applicable thereto.

*Exception overruled.*

BLANDIN, J., did not sit: the others concurred.