Rockingham,
No. 4443.

ALICE M. HALL *v.* SHIRLEY E. BRUSSEAU, *Adm'x.*

Argued December 7, 1955.

Decided January 4, 1956.

*Sleeper & Mullavey* (*Mr. Sleeper* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Lawrence E. Spellman* (*Mr. Spellman* orally), for the defendant.

DUNCAN, J. The defendant seeks dismissal of the plaintiff's action because it was "begun within one year after the original grant of administration" (RSA 556:1), and hence under the statute is not to be sustained. The plaintiff's declaration shows the action to be one of tort for personal injuries and specifically refers to R. L., c. 355, s. 9, which provides for the survival of tort actions for personal injuries "subject to the limitations, set forth in the five following sections." RSA 556:9. The plaintiff asserts that her action is not subject to section 1 of the chapter, but is controlled solely by sections 9 and 11, and particularly by the latter section which provides: "NEW ACTION. If an action is not then pending [i. e., at the time of the decease of one of the parties (s. 10)] and has not already become barred by the statute of limitations, one may be brought for such cause at any time within two years after the death of the deceased party, and not afterwards." RSA 556:11. The argument is made that the requirement of section 1, suspending the right of action for a year (see *Amoskeag Mfg. Co.* v. *Barnes,* 48 N. H. 25, 29), cannot be deemed to apply to an action which the Legislature has provided may be brought "at any time" within two years after the death of the defendant.

The provisions of section 1, *supra,* formed a part of our statutes for more than fifty years before provision was made for the survival of causes of action in tort for personal injury. R. S., c. 161, s. 1. See 5 N. H. Laws 665. At common law such actions were considered to be personal, and abated upon the death of either the plaintiff or the defendant. See *Piper* v. *Railroad,* 75 N. H. 435, 443. In 1885 however, it was provided: "No action, or cause of action, shall be lost by the death of either party, but the same shall survive for and against the personal representatives of the

deceased." Laws 1885, c. 11, s. 1. Enactment in 1887 of legislation with respect to the survival and enforcement of causes of action for personal injuries resulting in death (Laws 1887, c. 71) without repeal or modification of the act of 1885 *supra*, produced an anomalous result illustrated by *French* v. *Mascoma Co.*, 66 N. H. 90. See *Burke* v. *Burnham,* 97 N. H. 203, 209. The Legislature undertook to correct this in the revision of 1891 by enactment of the section upon which the plaintiff relies. See P. S., c. 191, s. 10; *Burke* v. *Burnham, supra,* 209-10; *Poff* v. *Telephone Co.*, 72 N. H. 164.

The new section was drafted to embrace not only actions and causes of action for wrongful death, but also all causes of action in tort for personal injury where either party died before suit, which had previously been governed by Laws 1885, c. 11, *supra*. For the survival of other causes of action, special provision was made in P. S., c. 191, s. 14, a modified version of the provisions of Laws of 1885, *supra*. RSA 556:15.

The legislative history provides no support for the plaintiff's argument that the Legislature intended the provisions of section 1, which were reenacted without change, to be inapplicable to a cause of action in tort for personal injury, when the death which the cause of action is made to survive is that of the defendant. The phrase "at any time within two years" is not peculiar to section 11 but has appeared in section 7 since the Revised Statutes of 1842. R. S., c. 161, s. 7. See *Morse* v. *Whitcher,* 64 N. H. 591, 592-3; *Brewster* v. *Brewster,* 52 N. H. 52, 59. The application of section 1 to a cause in tort for personal injuries, surviving the defendant's intestate, was not thought to be doubtful in *Watson* v. *Carvelle,* 82 N. H. 453. To hold it inapplicable to the case before us would disregard the familiar rule "that all parts of the act must be considered together." *State* v. *National Banks,* 75 N. H. 27, 31. See *Niemi* v. *Railroad,* 87 N. H. 1, 9. The purpose of the section "is to secure the orderly and expeditious settlement of estates." *Sullivan* v. *Marshall,* 93 N. H. 456, 458.

We conclude that the Trial Court erred in denying the defendant's motion. See *Bottomly* v. *Parmenter,* 85 N. H. 322, 325.

*Exception sustained.*

All concurred.