MEEKER ET AL., APPELLEES, *v.* SHAFRANEK, APPELLANT.[*]

(No. 5035—Decided December 7, 1960.)

*Mr. John R. Quine*, for appellees.
*Mr. John R. Shepherd*, for appellant.

DOYLE, P. J. This is an appeal from a judgment rendered in the Municipal Court of Cuyahoga Falls in the amount of

[*]Motion to certify the record overruled, March 15, 1961.

fifteen hundred dollars, in favor of the plaintiffs, the appellees in this court, and against the defendant, the appellant in this court.

The second amended petition alleged that:

1. On March 9, 1953, James W. Meeker, Jr., and Mary Ann Meeker, entered into a contract in writing with Mary M. Shafranek for the purchase of her real property, "consisting of a house and garage located on a lot of land owned by defendant [Mary M. Shafranek] on Ravenna Road in the city of Hudson, Ohio, for a purchase price of ten thousand dollars * * *, and that plaintiffs [James W. Meeker, Jr., and Mary Ann Meeker] have fully performed all of the terms and conditions of such contract on their part required to be performed."

2. "The plaintiffs further say that they relied upon, and were induced to enter in such contract by reason of, the misrepresentations of defendant that she was the owner of such house and garage and that same were located on land owned by defendant, whereas in truth and fact said garage encroached upon land owned by an adjoining landowner."

The petition concluded with a prayer for damages.

A demurrer was filed to the pleading, alleging that it appeared on the face of the petition "that the action was not brought within the time limited for the commencement of such actions."

It is argued that a four-year statute of limitations applies to this pleading, because there was pleaded an action in tort; *i. e.*, for misrepresentation which induced plaintiffs to enter into a contract for the purchase of real property.

The court overruled the demurrer on the ground that "the action is founded upon breach of contract." The defendant excepted to the ruling.

On a later date the case came on for trial to the court without a jury, and at the conclusion thereof the court entered its judgment, in part as follows:

"(a) That the defendant, honestly but mistakenly, did represent to the plaintiffs that the garage in question did not encroach upon the adjoining land of another.

"(b) That the defendant intended by general warranty deed to convey all of the garage and all of which was within the

meaning of the phrase 'the Shafranek property' as used in the contract.

"(c) That the defendant received valuable consideration, whereas the plaintiffs got less than they bargained for.

"(d) That the misrepresentations were as to material and substantial facts:

"(E) That the plaintiffs were induced to enter into the contract by reason of the representations;

"(F) That the plaintiffs had a right to and did rely on the representations;

"(G) That the representations were in fact false."

The judgment entry concludes by assessing damages in the sum of fifteen hundred dollars, in favor of the plaintiffs and against the defendant.

It is the claim of the appellant that "the court erred in overruling defendant's demurrer to plaintiff's second amended petition." She states that "clearly, the gist of plaintiff's action is '*ex delicto*' rather than '*ex contractu.*' The cause of action is based upon a misrepresentation of fact inducing a party to enter into a contract, rather than a breach of contract already entered into. Whether we label such tortious conduct by defendant as fraud, deceit, or misrepresentation, is immaterial. It is still governed by the four-year limitation under either Section 2305.09(C) or 2305.09(D) of the Revised Code. The fifteen-year limitation governing contracts in writing has no application in this case."

Section 2305.09, Revised Code, is titled, "Four years; certain torts." It provides, in part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:
"* * *

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in Sections 2305.10 to 2305.12, inclusive, 2305.14, and 1307.08 of the Revised Code." (The latter part of this subdivision has no application to this case.)

Section 2305.06, Revised Code, is titled "Contract in writing." It is as follows:

"An action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

It appears on the petition that the action was brought within a period of fifteen years, but later than a four-year period.

Under our system of pleading, the formal distinctions between actions are abolished and the petition states the facts which constitute the cause of action. In determining, therefore, the character of the action, we must look to the substance of the entire statement.

The entire first paragraph of the second amended petition was used to declare the creation of a "contract in writing" for the purchase of a house and lot, located on land owned by the seller, for the price of ten thousand dollars, and that all of the terms of the contract were performed by the purchasers.

The second paragraph of the said petition, while alleging that the buyers were induced to enter into the contract because the seller represented that she owned the land and the house located thereon, also alleged that the garage "encroached upon land owned by an adjoining landowner."

The third and last paragraph of the said petition stated that, "by reason of said encroachment," the purchasers had been damaged in the amount of nineteen hundred and seventy dollars.

The fourth and last paragraph in simple terms prayed judgment for the sum specified as damages in the third paragraph.

In many cases the dividing lines between actions in contract and actions in tort are extremely uncertain. Courts, however, must look to the nature of the grievance rather than the form of the pleading. If a petition states a cause of action in contract, the nature of the action is not changed by the mere fact that there is also contained therein a charge of tortious conduct.

As we view the petition in question, it was entirely lawful for these parties to enter into a contract to sell and purchase specified land and buildings thereon. This they did, and the purchase price was paid. When the seller was unable to deliver all of the land which she had sold, she breached the contract,

and the purchasers were entitled to damages for such breach. The simple allegation of an untrue representation by the seller, in respect to the amount of land involved in the sale, which was said to have induced the sale, cannot make this action one in tort, nor can the various findings of the court in its journal entry transform the action from contract to tort.

There seems to be a general rule extant, although difficult in many instances of application, pertaining to a determination of whether an action is *ex contractu* or *ex delicto*. It is sometimes stated as follows:

"If the cause of action arises from a breach of contract, the action is *ex contractu*; but if the cause of action arises from a breach of duty growing out of the contract, it is in form *ex delicto*."

See: Text and supporting cases in: 1 Ohio Jurisprudence (2d), Actions, Section 16; 1 American Jurisprudence, Actions, Section 50 *et seq.*; 1 Corpus Juris Secundum, Actions, Section 44 *et seq.* And see: *Ketcham* v. *Miller*, 104 Ohio St., 372, 136 N. E., 145.

In the case before us, the seller of the property conveyed all of the land and buildings that she owned. There was no claim that she breached a duty in not conveying the part of the land which was owned by others. She did breach her contract, however, in not being able to convey all that she sold.

We find the action to be one in contract; and, in view of the record, the judgment must be affirmed.

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.