Rockingham,
No. 5193.

BEULAH CLOUTIER *& a.* *v.* FRANCIS J. KASHETA.

Argued January 7, 1964.
Decided January 31, 1964.

*Shute & Engel* (*Mr. David C. Engel* orally), for the plaintiffs.

*William Maynard*, Attorney General, and *William J. O'Neil*, Assistant Attorney General (*Mr. O'Neil* orally), for the defendant.

DUNCAN, J. By the first count contained in her writ, the plaintiff Beulah seeks to recover damages because as she alleges the defendant "unreasonably and negligently" failed to make a diagnosis "within a reasonable time." Similarly the plaintiff William by the first count of his writ seeks to recover consequential damages resulting to him from the same alleged negligence.

RSA 508:4 provides as follows: "PERSONAL ACTIONS. Actions of trespass to the person, actions for malpractice, and actions for defamatory words may be brought within two years, and all other personal actions within six years, after the cause of action accrued, and not afterward."

It is plain from the allegations of negligence that by the first counts of their respective writs the plaintiffs seek to recover "for malpractice." RSA 508:4, *supra.*

By leaving the Sanatorium on October 24, 1959, concededly without formal discharge, the plaintiff Beulah herself must be deemed to have terminated any opportunity for the defendant to thereafter conduct tests. The plaintiffs concede that the defendant "performed or supervised several tests" prior to that date, but complain that he "never told her the results of any of them." The gist of their complaint as stated in their brief is that Beulah "never in fact had tuberculosis and was never told this."

Thus it is plain that any negligence on the part of the defendant must have occurred on or before October 24, 1959. According to the great weight of authority, an action for malpractice is deemed to accrue when the acts of negligence occur. *Tantish* v. *Szendey*, 158 Me. 228. Annot. 80 A.L.R. 2d 368; Lillich, The Malpractice Statute of Limitations . . ., 47 Cornell L. Q. 339, 358 (1962). Since the plaintiff's writs were not brought until November 16, 1961, it follows that both counts in trespass are barred by the statute of limitations. *Lakeman* v. *LaFrance*, 102 N. H. 300.

The plaintiffs contend that the causes set forth in the second counts of their writs are not actions "for malpractice" within the meaning of the statute. RSA 508:4, *supra.* Application of the limitation invoked by the defendant is to be determined according to the nature of the cause of action, rather than the form of action employed. *Ferry* v. *Ferry*, 94 N. H. 395, 397; *Lakeman* v. *LaFrance*, 102 N. H. 300, *supra.* Annot. 80 A.L.R. 2d 320.

A special contract by which a physician undertakes to effect a cure, as distinguished from a contract to furnish medical services generally and according to applicable standards, may constitute a basis for an action for breach of contract, in which damages recoverable are governed by principles of contract law. *McQuaid* v. *Michou*, 85 N. H. 299; *Hawkins* v. *McGee*, 84 N. H. 114. It cannot be held that the counts in assumpsit in the writs before us present such actions, or for that reason are subject to the six-year limitation provided by RSA 508:4, *supra. Cf. Robins* v. *Finestone*, 308 N. Y. 543.

The plaintiffs' use of the language of contract of itself does not serve to distinguish the causes alleged from those set forth in the counts in trespass. The assumpsit counts are fundamentally indistinguishable from the trespass counts, except for the fact that they do not seek damages for mental and physical suffering and specify no other damages. See Annot. 80 A.L.R. 2d 320, *supra.* In substance they allege that the defendant expressly promised to perform the same common-law duty for breach of which the plaintiffs seek to recover in tort by their counts in trespass.

We therefore hold that the rule stated in *Lakeman* v. *LaFrance* applies, and that the counts in assumpsit are likewise barred by the two-year limitation because in essence "based on the improper performance by a physician of his duties." *Lakeman* v. *LaFrance, supra,* 305.

The conclusion that the actions are barred by limitation makes it unnecessary to consider other grounds advanced for dismissal.

*Defendant's exceptions sustained;*
*actions dismissed.*

All concurred.