Manchester District Court
No. 79-113

## THE STATE OF NEW HAMPSHIRE

v.

## ROBERT J. PROVENCHER

October 12, 1979

*Thomas D. Rath*, attorney general (*John C. Boeckeler*, assistant attorney general, orally), for the State.

*Craig, Wenners, Craig & McDowell*, of Manchester (*Joseph F. McDowell III* orally), for the defendant.

PER CURIAM. The question in this driving under the influence of intoxicating liquor case is whether the yard of a gasoline station is a "way" as defined in RSA 259:1 XXXV and as required under RSA 262-A:62. We hold that it is not such a "way."

The district court found that defendant was arrested by a State police officer who was in the entrance to a gasoline filling station on Hanover Street in Manchester and who "saw defendant enter the station premises from Hanover Street." It is unclear whether the trooper actually saw defendant on Hanover Street. The vehicle had a flat tire.

Defendant was charged with a violation of RSA 262-A:62 by operating a vehicle upon "Phillips 66 Gas Station situated on Hanover Street" while under the influence of intoxicating liquor. He moved to dismiss on the ground that the gas station was not a "way." The motion was denied and after a trial with a view, defendant was found guilty. After defendant waived his right to appeal for a de novo trial, the Court (*O'Neil*, J.) transferred the question whether the gas station is a "way" within the meaning of RSA 259:1 XXXV.

The court found that the station, not unlike many others, was a combination gasoline service and auto repair station providing a number of parking spaces for immediate purchases and for short- and long-term repairs. It has two stalls for repair work, a service area and pumps for the purchase of gasoline.

RSA 269-A:62 makes it illegal to operate a motor vehicle "upon any way" while under the influence of intoxicating liquor. RSA 259:1 XXXV includes in the definition of a way "any public or private parking lot which is maintained primarily for the benefit of paying customers."

This part of the definition was added in 1971 by Laws 1971, ch. 171. Legislative history is sparse but Senator Downing, in explaining the addition, stated that "[w]ith the advent of the shopping center . . . the parking lot now seems to have become a speedway and a sort of a haven for drunken drivers and dangerous drivers, and yet there is no authority to arrest these people . . . . This bill would establish that authority." 1971 Senate Journal 841.

It would appear that at least Senator Downing had in mind something quite different than the yard of a filling station with respect to the added definition of a way. Although the area surrounding a filling station may contain enough space to park vehicles awaiting service, it is not in our opinion what comes to the mind of the average person with the mention of a parking lot, and we do not believe it is what the legislature intended. The fact that there is some space for cars to be parked does not make a filling station a parking lot as that term is used in the statute. *See Prillaman v. Commonwealth*, 119 Va. 401, 100 S.E.2d 4 (1957). Defendant's conviction is therefore vacated.

This case should never have reached this stage. When the motion to dismiss raised the question whether the filling station was a "way," the complaint should have been amended by alleging operation on Hanover Street, thus avoiding needless litigation over the issue. *See State v. Crockett*, 116 N.H. 324, 358 A.2d 414 (1976). Although it is not clear whether the officer actually saw defendant operate on Hanover Street, his testimony provided sufficient evidence to support a finding that defendant had operated on the street. *State v. Martin*, 116 N.H. 47, 351 A.2d 52 (1976); *State v. Costello*, 110 N.H. 182, 263 A.2d 671 (1970).

*Conviction vacated; defendant ruled not guilty.*