Belknap
No. 79-371

### Paulette B. Guerin, Executrix of
### Estate of Jeanne Brice and Robert C. Brice

v.

### New Hampshire Catholic Charities, Inc.
### d/b/a St. Francis Home

June 25, 1980

*Perkins, Upshall & Robinson,* of Concord (*Frederick E. Upshall, Jr.,* orally), for the plaintiff.

*Sulloway, Hollis & Soden,* of Concord (*Robert M. Larsen* orally), for the defendant.

*Cullity & Kelley,* of Manchester (*John Czeciuk* orally), for the defendant.

GRIMES, C.J.   The principal issue in this case is whether the plaintiff's action, concededly not brought within two years of the death of her decedent Robert C. Brice, is barred by RSA 556:11. We hold that in part it is not.

The plaintiff is the executrix of the estates of Jeanne Brice and Robert C. Brice. The present action concededly was brought on February 18, 1976, within two years of the death of Jeanne Brice but more than two years following the death of Robert C. Brice. This appeal therefore concerns only that portion of the plaintiff's action relating to the latter estate.

In June 1970, the plaintiff's decedents were residents of the St. Francis Home, a nursing care facility operated by the defendant. Pursuant to an agreement between the Brices and the defendant, the plaintiff's decedents remained residents of the home from that time until their transfer on or about December 16, 1972, to the Lakes Region General Hospital. Robert C. Brice died on August 25, 1973, and his widow, Jeanne Brice, died on August 25, 1974.

Sometime thereafter, the plaintiff, as executrix, engaged counsel in connection with potential claims arising out of the decedents' stay at the home. At that time she indicated a desire to avoid bringing suit against the church. In March 1975, plaintiff's counsel wrote to the defendant, indicating that in his opinion, a valid claim existed and suggesting that a meeting be held for the purpose of resolving the matter without resort to litigation. The meeting was held on July 17, 1975, at which time counsel and agents for the defendant requested more time in which to investigate the circumstances of the plaintiff's claims and to notify its insurer. The plaintiff's counsel agreed to postpone action on the claims until September 15, 1975, "without prejudice to [his] client." August 25, 1975, was the second anniversary of the death of plaintiff's decedent.

By letters dated July 21 and August 14, 1975, the defendant advised the plaintiff's counsel of the identity of the defendant's insurers and that agents of the carriers would contact him upon the completion of their investigation. On January 8, 1976, insurance company adjusters contacted the plaintiff's counsel to request more time and information to complete their investigation of the Brice claims. After the adjusters failed to respond to the plaintiff's letter of January 14, 1976, suit was instituted by a writ dated February 18, 1976.

The plaintiff's complaint alleged two causes of action: Count I, a plea of assumpsit, sought recovery for damages arising from the defendant's alleged breach of the contract between it and the plaintiff's decedents. Count II, a plea of the case, sought recovery for personal injuries resulting from the alleged negligence of the defendant and its agents.

On or about March 30, 1976, the defendant appeared and moved to dismiss both counts as they related to the estate of Robert C. Brice on the grounds, *inter alia*, that the claims were barred by RSA 556:11. After a hearing upon the motion, the Master (*Mayland H. Morse, Jr.*, Esq.) recommended that the defendant's motion be granted and the plaintiff's action relating to the estate of Robert C. Brice be dismissed. On December 23, 1976, the master's recommendations were approved by the Trial Court (*Keller*, C.J.) and an order issued accordingly. The plaintiff's motions for clarification and for a rehearing were denied upon the recommendation of *Griffith*, J., sitting as a master, and her exceptions were reserved and transferred by *Batchelder*, J.

The plaintiff concedes that RSA 556:11 is applicable to her cause of action relating to the estate of Robert C. Brice. It provides:

> "*New Action.* If an action is not then pending, and has not already become barred by the statute of limitations, one may be brought for such cause at any time *within two years after the death of the deceased party, and not afterwards.*"

(Emphasis added.) The decedent died on August 25, 1973, and suit was not instituted until February 18, 1976, well beyond the two-year period. On its face, the statute bars the claims relating to Robert C. Brice.

The plaintiff seeks to avoid the effect of RSA 556:11 by asserting that the doctrine of equitable estoppel precludes the defendant from relying upon the lapse of the two-year period. The master found, however, that the plaintiff failed to sustain her burden of

proof with regard to an estoppel. Thus, the plaintiff is in the position of arguing that as, a matter of law, the defendant's conduct gives rise to an estoppel. Plaintiff's reliance on an estoppel, however, is misplaced in the context of this case.

■■ We recognize the general rule that statutes of limitation are procedural limitations upon a party's right to sue and, as such, affect only the remedy and not the substantive rights of the litigants. *See, e.g., Sundell v. Town of New London,* 119 N.H. 839, 409 A.2d 1315 (1979); *State v. Provencher,* 119 N.H. 756, 407 A.2d 369 (1979). Conduct of a nature giving rise to an equitable estoppel may be sufficient to toll the running of such a statute. *Lakeman v. LaFrance,* 102 N.H. 300, 156 A.2d 123 (1959). However, the limitation contained in RSA 556:11 is distinguishable from other procedural limitations.

■■ At common law, actions sounding in tort were considered personal and abated upon the death of either party. *Kelley v. Volkswagenwerk,* 110 N.H. 369, 268 A.2d 837 (1970); *Hall v. Brusseau,* 100 N.H. 87, 119 A.2d 703 (1956). By providing that such actions survive the death of the claimant, however, RSA 556:11 and its statutory precursors partially abrogate the common-law rule. *Kelley v. Volkswagenwerk, supra* at 370-71, 268 A.2d at 838; *French v. Mascoma Flannel Co.,* 66 N.H. 90, 97, 20 A. 363, 364 (1889). Because this provision creates a right not known at common law, this court has consistently viewed the requirement that suit be initiated within two years of the death of the decedent as a condition of the right to recover rather than as a mere limitation upon the remedy. *See, e.g., Heath v. Cleveland,* 104 N.H. 451, 189 A.2d 488 (1963); *Kostoras v. Hines,* 80 N.H. 500, 119 A. 332 (1922); *Desmarais v. Company,* 79 N.H. 195, 107 A. 491 (1919); *Poff v. Company,* 72 N.H. 164, 55 A. 891 (1903).

> "Unlike the general statute of limitations, this special statute creating the right and giving the remedy does not merely confer a privilege upon the defendant to interpose a definite time limitation as a bar to the enforcement of a distinct and independent liability, but it defines and limits the existence of the right itself."

*Id.* at 166, 55 A. at 892. Because of the unique nature of this statutory provision, this court has held that facts sufficient to toll the running of a general statute of limitations have no effect upon the survival of actions. *Desmarais v. Company supra.* There it was held that the defendant's fraudulent concealment of the decedent's

claim could not be relied upon by the administratrix to save an action not timely filed. *Id.* However harsh might be the established rule, we are not now disposed to change it. Accordingly, we hold that the doctrine of equitable estoppel may not be utilized when the plaintiff has failed to bring suit within the two years mandated by RSA 556:11.

The plaintiff lastly argues that the master erred in dismissing count I of her complaint relating to the estate of Robert C. Brice. Inasmuch as it stated a claim founded upon an alleged contract between the decedent and the defendant, she argues that the limitation contained in RSA 556:11 is inapplicable. We agree.

The master found that although count I of the plaintiff's complaint sounds in contract, it arose out of the same factual pattern upon which the tort claim was based and was indistinguishable from it. He therefore ruled that it too was barred by RSA 556:11. *See Cloutier v. Kasheta,* 105 N.H. 262, 197 A.2d 627 (1964); *Lakeman v. LaFrance,* 102 N.H. 300, 156 A.2d 123 (1959); *Ferry v. Ferry,* 94 N.H. 395, 54 A.2d 151 (1947).

The limitation contained in RSA 556:11 restricts only the survival of tort actions. RSA 556:9; *see Kelley v. Volkswagenwerk,* 110 N.H. 369, 268 A.2d 837 (1970). Thus, if count I of the plaintiff's complaint does make out a cause of action in contract, it survives by virtue of RSA 556:15 and dismissal of the action would be erroneous. *Kelley v. Volkswagenwerk supra.* Whether an action is one in tort or in contract "is not determined by the form of action but by its substance." *Lakeman v. LaFrance, supra* at 305, 156 A.2d at 127. In making such a determination, we examine four factors: "[t]he source or origin of the duty alleged to have been violated; the nature of the grievance; the character of the remedy such facts indicate; [and] the type of damages sought." *J. Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.,* 110 N.H. 215, 217, 265 A.2d 5, 7 (1970); 1 AM. JUR. 2d *Actions* § 8 (1962).

In count I, the plaintiff alleges a contract between the defendant whereby the defendant "agreed to furnish all due and proper care . . . and to provide suitable board, room and nursing and medical care." She further alleges that her decedent was "callously evicted from the St. Francis Home," and that "the defendant did *fail, refuse and neglect* to perform its obligations to plaintiff's decedents . . . in a responsible manner. . . ." (Emphasis added.) Accepting the plaintiff's allegations as true for the purpose of a motion to dismiss, *Lawton v. Great Southwest Fire Ins. Co.,* 118 N.H. 607, 610, 392 A.2d 576, 578 (1978), we conclude that the

source of the duty violated was the implied contract between the defendant and the plaintiff's decedent. The mere fact that the elements alleged would also support an action in tort does not preclude an action founded upon contract. *See Meeker v. Shafranek*, 112 Ohio App. 320, 176 N.E.2d 293 (1960); 1 AM. JUR. 2d *Actions* §§ 8-9 (1962). That the contract asserted is not express but one implied in law is not determinative. *Town of Madbury v. State*, 115 N.H. 196, 340 A.2d 103 (1975).

We note that in count I the defendant seeks damages as her remedy; a mode of relief consistent with contract actions. *See Town of Madbury v. State supra*. Moreover, the nature of the grievance relates to the failure of the defendant to perform as promised. The plaintiff claims that her decedent was diabetic, that he required a special diet, that the defendant agreed to provide such a diet but in fact did not, even though advising the decedent's physician that the appropriate diet was being administered. *See McQuaid v. Michou*, 85 N.H. 299, 157 A. 881 (1932). The allegedly promised performance is not necessarily coextensive with that mandated by any common-law duty of care. *See Cloutier v. Kasheta*, 105 N.H. 262, 197 A.2d 627 (1964). We cannot say that the defendant's duty to perform is not grounded in contract. *See generally*, W. PROSSER, *Law of Torts*, ch. 16 (4th ed. 1971).

█ Finally, the damages sought are not altogether inconsistent with a contractual theory of recovery. We have stated that damages for mental suffering "are not generally recoverable in a contract action." *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 615, 392 A.2d 576, 581 (1978). Of course, such a formulation of the rule necessarily admits of exceptions, normally relating to the foreseeability of such damages. 11 S. WILLISTON, *Contracts* § 1341 (3d ed. 1968). We cannot say that such damages were not within the contemplation of the parties, or that pain and suffering were not foreseeable results of the contract violation. *Lawton v. Great Southwest Fire Ins. Co. supra; Busick v. Corporation*, 91 N.H. 257, 18 A.2d 190 (1941). Suffice it to say that a prayer for such relief does not require that the action be deemed one in tort.

"The fundamental principle of compensatory damages in a contract action is to put the injured party in as good a position, so far as money damages can put him, as he would have occupied had the defendant fully performed." *J. Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.*, 110 N.H. 215, 218, 265 A.2d 5, 8 (1970). The damages sought by the plaintiff under count I are not inconsistent with this notion of contractual damages. In sum, we

conclude that the master erred in dismissing the plaintiff's claim in assumpsit.

*Remanded.*

DOUGLAS and BROCK, JJ., did not sit; KING, J., dissented in part; BOIS, J., concurred.

KING, J., dissenting in part:

I concur with the majority except that I cannot agree with the concept of including pain and suffering as a measure of damages in breach of contract actions. Furthermore, I do not agree with the rule of damages set forth in *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 392 A.2d 576 (1978).