Hillsborough
No. 85-193

JEFFREY S. KANTOR & a.

v.

THE NORWOOD GROUP, INC.

April 11, 1986

*Cullity and Kelley*, of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiffs.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Robert C. Dewhirst* on the brief and orally), for the defendant.

JOHNSON, J. In this interlocutory appeal from the Trial Court's (*Bean*, J.) denial of the defendant's motion to dismiss, the defendant asserts that the plaintiffs' action is barred by New Hampshire's common law rule prohibiting contribution among joint tortfeasors. We affirm the trial court's ruling and remand.

In April 1980, the plaintiffs, Jeffrey and Linda Kantor, contracted

an exclusive listing agreement with the defendant, The Norwood Group, Inc. The defendant was to act as the plaintiffs' exclusive agent for the purpose of selling the Kantors' residential property in Bedford. The Norwood Group showed the property to Kenneth and Susan Peterson, who bought it for $212,500 in June 1981. The Kantors paid a $14,875 commission to The Norwood Group.

In May 1982, the Petersons filed a petition for rescission and damages against the Kantors in the superior court. They alleged that the Kantors and their agent, The Norwood Group, had misrepresented the sufficiency of the well water supply, and had breached an implied warranty that the residence was habitable and served by an adequate water supply.

In December 1983, the Kantors filed a motion to implead The Norwood Group as a third party defendant. The motion was originally granted, but was eventually dismissed for failure to comply with Superior Court Rule 27. The Kantors then initiated this litigation against The Norwood Group, seeking "payment, indemnification, and exoneration against all judgments and all other losses, fees, and expenses, including reasonable attorney's fees . . . ." The Kantors moved to consolidate their indemnity action against The Norwood Group with the Petersons' equity action, and the Superior Court (*Pappagianis*, J.) denied the motion.

In August 1984, the Petersons' petition for rescission and damages was tried, and the Master (*Peter J. Bourque*, Esq.) concluded that

> "it is as likely the sale of the real estate to the plaintiffs
> was occasioned as much, if not more, by either the touting
> of the real estate agents and their failure to disclose cer-
> tain facts of which they were privy, as it was occasioned
> by the failure of the defendants to speak up when they had
> a duty to do so."

The Court (*Wyman*, J.), in November 1984, approving the master's recommendation, ordered rescission of the contract between the Petersons and the Kantors, and awarded $20,382.85 in damages to the Petersons for expenses associated with improving the water supply, but stayed the order for one year to allow the Kantors to proceed in their third party action against The Norwood Group.

In January 1985, The Norwood Group moved to dismiss the Kantors' action on the ground that it was an action for contribution against an alleged joint tortfeasor, and was therefore impermissible under New Hampshire law. The Kantors objected, contending that their action was based upon contract, not tort, and that it sought damages for the defendant's breach of the exclusive listing contract. In February, the Kantors moved to amend their writ to reflect the

outcome of the Petersons' petition for rescission and damages. The defendant filed a response, which indicated no objection to the amendment but asserted that the amended writ should be dismissed for the same reasons that were presented for the dismissal of the original writ.

After a hearing, the motion to dismiss was denied. The defendant filed an interlocutory appeal presenting the following question of law:

> "Did the superior court, in light of the New Hampshire Supreme Court's holding in the case of *Consolidated Utility Equipment Services, Inc. v. Emhart Manufacturing Corp.*, 123 N.H. 258, 459 A.2d 287 (1983), err when it denied the defendant's motion to dismiss and allowed the plaintiff's 'contract' action to proceed, notwithstanding the fact that it seeks contribution from an alleged joint tortfeasor?"

In reviewing a ruling on a motion to dismiss, we will regard as true the plaintiffs' allegations and all reasonable inferences therefrom as construed most favorably to the plaintiffs. *Hamilton v. Volkswagen of America*, 125 N.H. 561, 562, 484 A.2d 1116, 1117 (1984). The plaintiffs contend that this action is a contract action because the defendant's misrepresentations to the Petersons breached the agreement's implied duty of good faith and fair dealing. *See* RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981). The defendant claims that, even though the plaintiffs' writ is couched in contract terms, their action is really based in tort.

"Whether an action is one in tort or in contract 'is not determined by the form of the action but by its substance.'" *Guerin v. N.H. Catholic Charities*, 120 N.H. 501, 505, 418 A.2d 224, 227 (1980) (quoting *Lakeman v. LaFrance*, 102 N.H. 300, 305, 156 A.2d 123, 127 (1959)). In evaluating the substance of a particular action, we will consider four factors: "[t]he source or origin of the duty alleged to have been violated; the nature of the grievance; the character of the remedy such facts indicate; [and] the type of damages sought." *Guerin, supra* at 505, 418 A.2d at 227 (quoting *Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.*, 110 N.H. 215, 217, 265 A.2d 5, 7 (1970)).

In the instant case, the origin of the duty underlying the plaintiffs' third party action is the duty owed to the Petersons. The Petersons' action against the Kantors was a tort action, based upon intentional or negligent misrepresentations giving rise to the remedy of rescission and damages. In the Petersons' action against the Kantors, the

master found liability based in tort, and thus any claim arising out of that liability is also based in tort. A contractual obligation between the Kantors and The Norwood Group does not take the Kantors' contribution claim out of its foundation in tort.

■ The plaintiffs seek compensation for damages suffered as a result of their liability in the Petersons' action. The master's findings, however, indicate that any damage to the Petersons was caused by both the Kantors and The Norwood Group, each of whom independently misrepresented and/or failed to disclose salient facts to the Petersons. The Kantors and The Norwood Group are therefore joint tortfeasors.

■■ The general rule in New Hampshire prohibits contribution among joint tortfeasors for liability to a third party. *Consol. Util. Equipment Serv's, Inc. v. Emhart Mfg. Corp.*, 123 N.H. 258, 260, 459 A.2d 287, 288 (1983). A principal cannot seek contribution from an agent, where the agent and the principal are joint tortfeasors, even on the basis of a contractual theory. *See Dunn & Sons*, 110 N.H. at 217, 265 A.2d at 8. Whether the theory underlying the Kantors' third party action is The Norwood Group's negligence or its defective performance of the contract, the liability of the Kantors and The Norwood Group to the Petersons is a tort liability, and thus the rule precluding contribution among joint tortfeasors applies. *See Hamilton*, 125 N.H. at 564, 484 A.2d at 1119.

■ Although we adhere to the rule precluding contribution among joint tortfeasors, a party may obtain complete indemnification from a joint tortfeasor where (1) the liability of the person seeking indemnity is derivative or imputed by law, or (2) an express or implied duty to indemnify exists. *Emhart Mfg., supra* at 261, 459 A.2d at 288–89. The Kantors' liability is not derivative or imputed by law; the master's conclusion necessarily rests on the finding that the Kantors' independent nondisclosure or misrepresentations were causal by themselves. Moreover, no evidence was presented to show an express or implied duty of The Norwood Group to indemnify.

■■ The plaintiffs thus are not entitled to any contribution from the defendant, under the rule prohibiting contribution among joint tortfeasors. Their action, however, also makes an independent claim for contractual damages that are based on the exclusive listing agreement and are unrelated to claims for contribution for liability owed to the Petersons. The plaintiffs have stated a cause of action, based on the defendant's alleged breach of the implied duty of good faith and fair dealing, for contractual damages, *i.e.*, the

return of the commission paid to the defendant. We express no opinion on the merits of this contractual claim, and remand for further proceedings consistent with this decision.

*Affirmed and remanded.*

All concurred.