April Weeks KORN, Leonard
Korn, M.D.

v.

**G.D. SEARLE & CO.**

**Civ. No. 84–86–D.**

United States District Court,
D. New Hampshire.

Dec. 4, 1987.

Joseph F. McDowell III, Manchester,
N.H., Robert Manchester, Burlington, Vt.,
for plaintiff.

Philip G. Peters, Manchester, N.H., for
defendant.

## ORDER

DEVINE, Chief Judge.

Plaintiffs April Weeks Korn and Leonard Korn ("the Korns") move the Court for reconsideration of an order of the magistrate entered under date of November 16, 1987. 28 U.S.C. § 636(b)(1)(A).[1] Said order granted the motion of the defendant G.D. Searle & Co. ("Searle") seeking severance from consolidation with another action brought by the same plaintiffs against A.H. Robins Co., Inc. ("Robins") (No. 84–6–D, *Korn, et al. v. A.H. Robins Co., Inc.*)

Each of the aforesaid civil actions has for its foundation a claim of the Korns that Mrs. Korn sustained injuries as the result of use of an intrauterine device ("IUD") which was manufactured by the respective defendant. On March 29, 1984, the magistrate granted plaintiffs' motion seeking consolidation of the cases "for discovery purposes".[2]

Robins subsequently filed for Chapter 11 bankruptcy in the District of Virginia, and a stay order was issued pursuant to 11 U.S.C. § 362.[3] It was subsequently held that it was proper for the district judge

---

1. 28 U.S.C. § 636(b)(1)(A) permits the court to designate the magistrate to determine "any pretrial matter", with the exception of certain dispositive motions. *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980). The instant motion is of the nondispositive type, and favorable reconsideration of the magistrate's order may therefore be had only if said order "is clearly erroneous or contrary to law". *Id.*

2. Said order was handwritten by the magistrate on plaintiffs' motion seeking consolidation, document no. 4 in Civil No. 84–6–D.

3. 11 U.S.C. § 362(a)(1) imposes an automatic stay of any proceeding "commenced or [that] could have been commenced against the debtor" at the time of the filing of the Chapter 11 proceeding. Section 362(a)(3) directs stay of any action against either the debtor or third parties to obtain possession or exercise control over property of the debtor. In addition, 11 U.S.C. § 105 empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

supervising the Robins bankruptcy to issue a stay order which prevented suit against Robins, its agents, servants, and employees, and its insurer, Aetna Casualty and Surety Co. ("Aetna"). *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 251, 93 L.Ed. 2d 177 (1986). And in a subsequent action where the claimants disavowed any intent of deposing any employee of Robins or seeking to make claim against the policy issued by Aetna to Robins, the Court extended this ruling to apply to any case where a defendant might, seeking exculpation, claim that Robins was in any tangential manner involved. *In re A.H. Robins Co., Inc.*, 828 F.2d 1023, 1026 (4th Cir. 1987).[4] Similarly, here, Searle argues that it does not desire to depose any employee of Robins, nor does it seek payment from any of the assets that might be contemplated to be within the parameters of the bankrupt estate of Robins. It urges that it is entitled to now proceed in this ancient case with its discovery, pointing out that such consolidation as was earlier had was only for the purposes of discovery with the then-pending litigation in Civil No. 84–6–D.[5] It correctly argues that ordinarily New Hampshire law does not permit contribution, even between or among joint tort-feasors. *Kantor v. The Norwood Group, Inc.*, 127 N.H. 831, 835, 508 A.2d 1078, 1081 (1986); *Consolidated Utility Equip. Serv., Inc. v. Emhart Mfg. Corp.*, 123 N.H. 258, 260, 459 A.2d 287, 288 (1983).[6] In response, plaintiff urges that any stay in effect, having been issued by the District Court in Virginia, can be lifted only by that court.

I need not reach the merits of the latter argument, however,[7] in light of my review of the pleadings herein. In paragraph 16 of its answer, Searle sets up a claim that Mrs. Korn is barred from recovery by her comparative negligence, but goes on to state that whatever "her alleged condition ... is or may be, [it] results or resulted from acts or occurrences for which this defendant is not liable or responsible." *Id.*

I find and rule that such pleading is sufficient to permit Searle, if allowed to go forward with discovery and disposition of the instant litigation, to claim in the future that Robins, and not Searle, is solely responsible for the injuries and damages sustained by the Korns, and therefore they cannot recover against Searle. If allowed to present such a claim, Searle would clearly be in violation of the sweep of the order of the Virginia court as interpreted by the Fourth Circuit in *A.H. Robins Co. v. Piccinin, supra,* and *In re A.H. Robins Co., Inc.*

In light of these circumstances, I must, albeit reluctantly, find that the magistrate's order of severance is "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A). That order is accordingly

4. The claimants in *In re A.H. Robins Co., Inc., supra,* sought to claim against Aetna for Aetna's acts or omissions relative to its monitoring of the Robins IUD. Specifically disavowing the need for discovery from any employee of Robins and contending that none of the insurer's policy on Robins should be required to pay such claims, these claimants contended that the stay should not apply to them. The court, however, pointed out that, faced with claims, Aetna would inevitably seek to shift the blame to Robins and thus involve Robins in the litigation, detracting from its efficient reorganization. *See* 828 F.2d at 1026.

5. In point of fact, 84–6–D was dismissed and is no longer open in this court because of the bankruptcy proceedings. However, this factor does not have any effect on whether the magistrate properly ordered severance under all of the circumstances of the consolidated litigation.

6. A current New Hampshire statute, Revised Statutes Annotated ("RSA") chapter 507:7–f (Supp.1986) permits contribution among tortfeasors under certain circumstances. However, by its terms, that statute was not effective until July 1, 1986, and it therefore does not apply to the instant litigation, the events in which occurred long before said date.

7. It is not at all clear that the Virginia federal court order barring further proceedings in any "Dalkon related" actions applies by its terms to the instant litigation, where consolidation was had for the purposes of discovery only. However, as indicated in the body of the Order, the posture of the pleadings in the instant case brings the case within the sweep of *A.H. Robins Co. v. Piccinin, supra,* and *In re A.H. Robins Co., Inc., supra.*

herewith vacated, and the plaintiffs' motion for reconsideration is herewith granted.

SO ORDERED.